**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | |
|---|---|
| **In re:** § | |
| § | **CHAPTER 11 CASE** |
| § | |
| **AGE REFINING, INC.,** § | **CASE NO. 10-50501** |
| § | |
| **Debtor.** § | |

**MOTION UNDER BANKRUPTCY RULE 9019 TO APPROVE**
**SETTLEMENT AND RELEASE AGREEMENT WITH**
**BLACK & VEATCH CORP. AND OVERLAND CONTRACTING, INC.**

TO THE HONORABLE LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE:

Eric J. Moeller, the Chapter 11 Trustee (the "Trustee") over the estate of AGE Refining,

Inc., (the "Debtor") in the above-captioned case (the "Case"), hereby files this motion (the

"Motion"), pursuant to section 105(a) of Title 11 of the United States Code (the "Bankruptcy

Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy

Rules"), seeking an approval of a certain settlement agreement (the "Settlement Agreement"),[1]

substantially in the form which is attached hereto as **Exhibit "1"**, by and among the Trustee,

Overland Contracting, Inc. and Black & Veatch Corp. In support of this Motion, the Trustee

respectfully represents as follows:

### I. JURISDICTION, VENUE AND PROCEDURAL BACKGROUND

1.        This Court has jurisdiction to consider the Motion pursuant to 28 U.S.C. §§ 157

and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). Venue is proper before

this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

---

[1] Unless otherwise defined, capitalized terms shall have the meaning ascribed to them in the Settlement Agreement.

3314332.3

2.      The statutory basis for the relief requested herein appears under sections 105(a), 501, 502 and 1107(a) of title 11 of the United States Code (as amended, the "Bankruptcy Code") and Rule 9019(a) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules").

3.      On February 8, 2010 (the "Petition Date"), the Debtor filed a voluntary petition for relief under Chapter 11 of title 11 of the United States Code, 11 U.S.C. §§ 101-1532 (as amended, the "Bankruptcy Code").

4.      The Debtor continued to manage and operate its business as debtor-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code until, on July 6, 2010, the Trustee was appointed to this Case.

5.      On or about March 17, 2010, the United States Trustee appointed the Committee of Unsecured Creditors (the "Committee").

6.      In response to a mechanical failure to the Debtor's steam turbine generator ("STG") in the middle of 2009, the Debtor hired Black & Veatch Corp. ("B&V") and, later, its affiliate Overland Contracting, Inc. ("Overland")[2] to assist in the engineering, procurement, construction commissioning and start up services for the replacement of the STG.

7.      During the course of the STG Project, certain disputes arose between the Debtor, B&V and Overland.

8.      The Debtor made two post-petition payments to B&V, pursuant to a critical vendor order,[3] for a total of $978,019.72 to be applied to outstanding pre-petition invoices. Shortly thereafter, the Debtor fell behind on payments for services performed both pre and post-petition. After the Debtor failed to (i) pay amounts billed for post-petition services (ii) honor

---

[2] Since B&V and Overland are related entities with aligned interests, their names may be used interchangeably and collectively for purposes of this Motion.
[3] *Order Pursuant to 11 U.S.C. §§ 105(a), 363(b) and 503(b)(9) Authorizing the Debtor to Pay Prepetition Claims of Certain Critical Crude Suppliers and Other Critical Vendors* [Doc. #38] (the "Critical Vendor Order").

non-financial convenants in the contract and (ii) provide adequate assurance of its performance acceptable to Overland, Overland ceased its post-petition work. It demobilized its staff at the job site and took with it certain work product and documentation prepared by Overland in connection with the Project. The Debtor contended that it needed the documents taken to complete the STG Project. Overland contended that the Debtor did not own and had no right to the documents due to its non-performance.

9.      The Debtor contended that during the course of the Project, it disputed Overland's charges, the scope of Overland's work and the disputes continued after the Petition Date. Overland contends that the Debtor did not raise any disputes to Overland's charges and services until after Overland stopped performing under the contract. In fact, Overland contends that it was advised that it would be paid on a current basis as a critical vendor.

10.     The largest source of funds used by the Debtor to pay Overland was proceeds received from its insurers. Causes for the delay in payments to Overland have included the insurance claims adjuster's concerns for the reasonableness of Overland's costs, as well as disagreements between the Debtor and its insurers over whether certain costs and expenses are covered in-kind replacements or uncovered "betterments" to the STG.

11.     On or about April 21, 2010, in an effort to finish out the STG Project, the Debtor filed an *Emergency Motion Pursuant to 11 U.S.C. §§ 105, 362, 365, 541 and 542 to Compel Performance of Contractual Obligations and Turnover of Certain Files, Drawings and Property of the Estate From Overland Construction, Inc. and Black & Veatch Corp.* [Docket No. 191] (the "Debtor's Motion to Compel"). On the same day, Overland filed *Overland Contracting Inc.'s Motion to Compel Immediate Assumption or Rejection of Executory Contract or Alternatively*

*Establish a Mechanism for Payment of Post-Petition Invoices* [Docket No. 193] ("Overland's

Motion to Compel").

## II. RELIEF REQUESTED

12.     By this Motion, the Trustee asks the Court to approve the Settlement Agreement,

a copy of which is attached to this Motion as **Exhibit "1,"** and to authorize the Trustee to enter

into such agreement with Overland and B&V.  By a separate motion and agreement filed

contemporaneously with this Motion, the Trustee seeks the Court's approval of a compromise

with its insurers, which will provide a source for funding of the Settlement Agreement with

Overland and B&V. As described more fully below, this Settlement Agreement would resolve

disputes with Overland and B&V.  A proposed order approving the Settlement Agreement is

attached to this Motion as **Exhibit "2."** The trustee requests entry of an order substantially

similar to the attached proposed order.

13.     The key terms of the Settlement Agreement are as follows:[4]

(a)     Turnover of Drawings.  B&V agrees to provide working copies of
        the design drawings and specifications prepared during the course
        of the STG Project to the Trustee and the Debtor shall hold a non-
        exclusive royalty-free license to use such drawings and
        specifications to the extent such use is limited to the operation,
        maintenance and repair of the STG.

(b)     Settlement Payment.  The Trustee will make a cash payment to
        Overland in the amount of One Million Three Hundred Twenty-
        Five Thousand and no/100 dollars ($1,325,000.00) in consideration
        for Overland and B&V's promises, releases and other covenants
        provided in the Settlement Agreement (with an allowed
        administrative claim in an equivalent amount pending cash
        payment).

---

[4] Nothing in this Motion is intended to modify the terms of the Settlement Agreement.  The summary of key terms above is provided for the benefit of the Court and interested parties.  To the extent the summary conflicts with the terms of the Settlement Agreement, the terms of the Settlement Agreement shall prevail.

(c) <u>Allowed Claims</u>. The Trustee will further stipulate to the allowance of a general unsecured non-priority claim in favor of B&V for a total of Four Hundred Fifty Thousand and no/100 dollars ($450,000.00).

(d) <u>Releases</u>. The Parties will provide mutual releases as set forth more fully in the Settlement Agreement and will further dismiss the Debtor's Motion to Compel and B&V's Motion to Compel with prejudice, or the same shall be denied as moot.

## III. ARGUMENTS AND AUTHORITY

### A. Standards under Rule 9019(a)

14. Under Bankruptcy Rule 9019(a), the Court has discretionary authority to approve a compromise or settlement. *Conn. Gen. Life Ins. Co. v. United Cos. Fin. Corp. (In re Foster Mortg. Corp.),* 68 F.3d 914, 917 (5th Cir. 1995); *see also Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968). Bankruptcy settlements "are a normal part of the process of reorganization" and are "desirable and wise methods of bringing to a close proceedings otherwise lengthy, complicated and costly." *Rivercity v. Herpel (In re Jackson Brewing Co.),* 624 F.2d 599, 602 (5th Cir. 1980) (quoting *Case v. Los Angeles Lumber Prods. Co.,* 308 U.S. 106, 130 (1939)).

15. Bankruptcy Rule 9019 provides that "[o]n motion by the trustee and after notice and a hearing, the court may approve a compromise or settlement." *See* FED. R. BANKR. P. 9019(a). The rule is silent, however, with respect to the standards to be applied when considering approval of such settlements or compromises. The Fifth Circuit has established the following factors to consider in determining whether approval is warranted:

(a) the probability of success in litigation, with due consideration for the uncertainty in fact and law;

(b) the complexity and likely duration of litigation and any attendant expenses, inconvenience and delay;

(c) the proportion of creditors who do not object to, or who affirmatively support the proposed settlement; and

(d) the extent to which the settlement is truly the product of arms' length bargaining and not the product of fraud or collusion.

*See Official Comm. of Unsecured Creditors v. Cajun Elec. Power Coop. Inc. (In re Cajun Elec. Power Coop. Inc.),* 119 F.3d 349, 356 (5th Cir. 1997); *In re Jackson Brewing,* 624 F.2d at 602. In considering "all other factors," the Fifth Circuit has further explained that courts should consider the best interest of creditors, with proper deference to their reasonable views, and consider the extent to which the settlement is truly the product of arms-length bargaining, and not of fraud or collusion. *See In re Cajun Elec. Power Coop. Inc.,* 119 F.3d at 356.

16.     This Court is authorized to approve the Settlement Agreement. Section 105 of the Bankruptcy Code provides, in pertinent part, that "[t]he court may issue an order…necessary or appropriate to carry out the provisions of the [Bankruptcy Code]. A decision to accept or to reject a compromise or settlement is within the sound discretion of the Court. *See* 9 *Collier on Bankruptcy* 9019.02 (15th ed. rev. 2001). "Compromises are favored in bankruptcy" because they minimize the costs of litigation and further parties' interest in expediting administration of a bankruptcy estate. *Myers v. Martin (In re Martin)*, 91 F.3d 389, 393 (3d Cir. 1996) (citing 9 *Collier on Bankruptcy* 9019.03[1] (15th ed. Rev. 2001)). A settlement need not result in the best possible outcome for a debtor, but must not "fall beneath the lowest point in the range of reasonableness." *Vaughn v. Drexel Burnham Lambert Group, Inc. (In re Drexel Burnham Lambert Group, Inc.)*, 134 B.R. 499, 505 (Bankr. S.D.N.Y. 1991).

17.     In deciding whether to approve a settlement, a bankruptcy court does not conduct a mini-trial on the merits or engage in an independent investigation into the reasonableness of the proposed settlement, but instead "relies heavily on the trustee" and the court generally defers to

the trustee's judgment provided there is "a legitimate business justification" for the settlement. *Martin,* 91 F.3d at 395. Basic to the process of evaluating proposed settlements, then, is "the need to compare the terms of the compromise with the likely rewards of litigation." *Protective Comm. for Indep. Stockholders of TMT Trailer Ferry, Inc. v. Anderson,* 390 U.S. 414, 425 (1968). Courts will approve a debtor's settlement if the settlement is in the best interest of the estate. *See In re Marvel Entertainment Group, Inc.* 222 B.R. 243, 249 (D.Del. 1998).

### B.    Application of Settlement Agreement to Relevant Factors

18.    The dispute with B&V and Overland is a typical construction dispute. While the Trustee could resolve the disputes through litigation, such litigation, even if successful, may prove more detrimental to the estate. To succeed on the merits of the dispute with Overland and B&V, the Trustee would have to prove the overcharges alleged against Overland, which could require evidence of such detail down to the individual welds that the Debtor alleged that Overland improperly applied. Further, the Overland dispute includes an interpretation of the EPC to determine whether the Trustee has contractual grounds to dispute invoices more than 15 days old and whether a license ostensibly granted under the EPC (i.e., to use Overland's design drawings and other intellectual and proprietary property) is severable and could survive a breach of the Contract. While it is possible that the Trustee could carry its burden on the foregoing issues, the costs and time required to do so would prove counterproductive to the estate and its creditors.

19.    Considering all circumstances surrounding this Case and the Trustee's efforts to administer this estate, the terms of the Settlement Agreement prove most fair and equitable. The Settlement Agreement provides for the fastest manner for resolving the disputes with B&V and Overland. The Settlement Agreement is economical in that it reduced litigation and obtains

releases from a creditor asserting more than $2 million in claims and has asserted mechanics'

and materialmen's liens against property of the estate. The Settlement Agreement provides for

one-time cash payment to B&V with proceeds received under a separate compromise with the

insurers, and for the allowance of an unsecured claim at a reduced amount than originally

asserted by B&V and Overland.

20.     The Settlement Agreement is the product of true arms' length negotiations among

the Parties. Other than the terms provided in the Settlement Agreement, there are no side

agreements, arrangements or understandings between the Trustee and B&V or between the

Trustee and Overland. The compromise presents a comprehensive and efficient resolution to the

Overland/B&V disputes arising from the STG Project. On information and belief, the Settlement

Agreement has the support of the Committee and Chase. For all of the foregoing reasons, the

Trustee contends that the Settlement Agreement satisfies the applicable standards for such

compromises and asks that it be approved by the Bankruptcy Court.

## IV. NOTICE

21.     Notice of this Motion will be served on all parties listed on the attached Limited

Service List, which includes the United States Trustee, Chase Capital Corporation, the

Committee and all parties requesting notice of matters in this Case. Such notice complies with

Bankruptcy Rule 2002 and this Court's prior orders authorizing service on such a limited basis.

## V. PRAYER

WHEREFORE, the Trustee respectfully requests that the Court enter an order,

substantially similar to the proposed order attached hereto as **Exhibit "2"** approving the

Settlement Agreement and authorizing the Trustee to take such actions as necessary to

consummate the Settlement Agreement; and for such other relief as is just and proper.

Dated:  March 1, 2011                    Respectfully submitted,

                                       **COX SMITH MATTHEWS INCORPORATED**
                                       1201 Elm Street, Suite 3300
                                       Dallas, Texas 75270
                                       (214) 698-7800
                                       (214) 698-7899 (Fax)

                                     By:  *&#95;/s/ Mark E. Andrews&#95;&#95;&#95;&#95;&#95;&#95;&#95;&#95;*
                                            Mark E. Andrews
                                            State Bar No. 01253520
                                            Carol E. Jendrzey
                                            State Bar No. 10617420
                                            Aaron M. Kaufman
                                            State Bar No. 24060067

                                     **SPECIAL COUNSEL TO ERIC J. MOELLER,**
                                     **CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on the 1st day of March, 2011, a true and correct copy of the foregoing document was filed with the Court and served electronically upon those parties registered to receive electronic notice via the Court's CM/ECF system and upon those parties listed on the attached service list by First Class United States Mail postage prepaid, unless otherwise noted. In addition to the foregoing, the undersigned has served true and correct copies of the foregoing motion and the proposed order to the following parties:

Rhett G. Campbell
Mitchell E. Ayer
Tye C. Hancock
Thompson & Knight LLP
333 Clay Street, Suite 3300
Houston, Texas 77002
***Counsel for Overland Contracting, Inc. and Black & Veatch Corp.***


　　　　　　　　　　　　　　　 */s/ Mark E. Andrews*
　　　　　　　　　　　　　　　 Mark E. Andrews

## IN RE AGE REFINING, INC.

### Limited Service List

Age Refining, Inc.
Attn: Lisa Trefger
7811 S. Presa St.
San Antonio, TX 78223

**Special Counsel to Debtor**
Lee H. Shidlofsky
Visser Shidlofsky LLP
7200 N. Mopac Expwy, #430
Austin, Texas 78731
lee@vsfirm.com

Office of the U.S. Trustee
615 E. Houston, #533
P.O. Box 1539
San Antonio, TX 78295-1539
USTPRegion07.SN.ECF@usdoj.gov

Internal Revenue Service
P.O. Box 7346
Philadelphia, PA 19101-7346

**Chief Restructuring Officer of Debtor**
FTI Consulting, Inc
Albert S. Conly
2001 Ross Ave, #400
Dallas, TX 75201
fax: 214-397-1790
albert.conly@fticonsulting.com

**Counsel to FTI Consulting, Inc.**
Patrick J. Neligan, Jr.
Neligan Foley, LLP
325 N. St. Paul, #3600
Dallas, TX 75201
pneligan@neliganlaw.com

Eric Moeller
Chapter 11 Trustee
ericjmoeller@gmail.com

**Counsel to Chapter 11 Trustee**
David S. Gragg
Langley & Banack, Inc
Trinity Plaza II
745 E Mulberry, Suite 900
San Antonio, TX 78212
dgragg@langleybanack.co

**Special Counsel to Chapter 11 Trustee**
Mark E. Andrews
Aaron M. Kaufman
Cox Smith Matthews Incorporated
1201 Elm St., #3300
Dallas, TX 75270
mandrews@coxsmith.com
akaufman@coxsmith.com

### SECURED CREDITORS

Chase Capital Corporation
Attn: W. Robert Felker
10 S. Dearborn St., #IL1-5048
Chicago, IL 60603

**Counsel for Chase Capital Corporation**
Fulbright & Jaworski, LLP
Attn: Toby L. Gerber
2200 Ross Ave., #2800
Dallas, TX 75201-2784
fax: 214-855-8200
tgerber@fulbright.com

JP Morgan Chase Bank, N.A.
Attn: Courtney J. Jeans
2200 Ross Ave., 9th Fl
Dallas, TX 75201

**Counsel for JP Morgan Chase Bank, N.A.**
Vinson & Elkins, LLP
Attn: William L. Wallander
Trammell Crow Center
2001 Ross Ave., #3700
Dallas, TX 75201-2975
fax: 214-999-7905
bwallander@velaw.com

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| | | |
|---|---|---|
| Big Star Gathering, LLP<br>Attn: James L. Jensen<br>11177 Eagle View Dr., #150<br>Sandy, UT  84092<br>fax: 801-576-1154<br>james@stjamesenergy.com | dii Industries Services, LLC<br>Attn: Marc D. Moroux<br>600 Jefferson Street, Suite 1400<br>Lafayette, LA 70501<br>291-7437 Fax<br>mmoroux@morenoenergy.com | T-C Oil Company<br>Attn: Bland Proctor<br>427 FM 774<br>Refugio, TX  78377<br>fax: 361-576-6890<br>b.proctor@oconnorbraman.net |

**Counsel for Committee:**
Michael G. Colvard
Martin & Drought
300 Convent St.
Bank of America Plaza, 25th Floor
San Antonio, TX 78205-3789
Fax: (210) 227-7924
mcolvard@mdtlaw.com

## TWENTY LARGEST UNSECURED CREDITORS

| | | |
|---|---|---|
| Cindy Campbell<br>Age Transportation Inc<br>7811 S Presa<br>San Antonio, TX  78223-3547 | American Express<br>P.O. Box 650448<br>Dallas, TX  75265-0448 | City Public Service<br>P.O. Box 2678<br>San Antonio, TX  78289-0001 |
| Dresser Rand<br>P.O. Box 7247-6149<br>Philadelphia, PA  19170-6149 | Gaither Petroleum Corporation<br>18000 Groschke Rd, Bldg A1<br>Houston, TX  77084 | Aurelie Magnuson<br>Genesis Crude Oil LP<br>919 Milam, #2100<br>Houston, TX  77002 |
| Juanita Proctor<br>Gulfmark Energy Inc.<br>P.O. Box 844<br>Houston, TX  77001-0844 | Killam Oil Co. Ltd.<br>P.O. Box 499<br>Laredo, TX  78042-0499 | Legend Natural Gas II, LP<br>410 W. Grand Pwky South, #400<br>Katy, TX  77494 |
| O.G.O. Marketing LLC<br>4560 Salt Flat Rd.<br>Luling, TX  78648 | Bob Frendt<br>Overland Contracting, Inc.<br>P.O. Box 803823<br>Kansas City, MO  64180-3823 | Plains Marketing LP<br>Attn: Legal Dept.<br>P.O. Box 4648<br>Houston, TX  77210 |
| Repcon, Inc.<br>P.O. Box 9316<br>Corpus Christi, TX  78469 | SemCrude, LP<br>Two Warren Pl.<br>Tulsa, OK  74136-4216 | Donald Gormley<br>Shell Trading (US) Company<br>Two Houston Center<br>909 Fannin Street<br>Houston TX  77010-1014 |
| James Jensen<br>St. James Energy Operating<br>11177 Eagle View Dr., #150<br>Sandy, UT  84092 | Jim Devlin<br>Suemaur Exploration<br>802 N. Carancahua, #1000<br>Corpus Christi, TX  78470 | Jane Helm<br>Superior Crude Gathering, Inc.<br>P.O. Box 260784<br>Corpus Christi, TX  78426-0784 |

T-C Oil Company
P.O. Box 2549
Victoria, TX 77902

Trammo Petroleum
1111 Bagby, #1920
Houston, TX 77002

## GOVERNMENT AND REGULATORY AGENCIES

Defense Energy Support Center
Attn: Matthew Shuster, Contracting Ofcr.
8725 John J. Kingman Rd., #4950
Fort Belvoir, VA 22060

Caroline Chien
Assistant Counsel
Defense Energy Support Center
8725 John J. Kingman Rd, #1565
Fort Belvoir, VA 22060-6222
fax: 703-767-5022
Caroline.Chien@dla.mil

EPA Washington Acctg Operations
Fountain Place 12th Fl., #1200
1445 Ross Ave.
Dallas, TX 75202-2733

HUBZone Empowerment Contracting Prog
US Small Business Admin
405 3rd St., SW
Washington, DC 20416

Railroad Commission of TX
Oil & Gas Division
P.O. Box 12967
Austin, TX 78711-2967

Railroad Commission of Texas
1701 N. Congress Ave.
Austin, TX 78711

TCEQ
14250 Judson Rd.
San Antonio, TX 78233-4480

Texas Commission on Environmental Quality
P.O. Box 13089
Austin, TX 78711-3089

Texas Dept. of Licensing & Regulations
P.O. Box 12157
Austin, TX 78711

TX Dept. of State Health Services
Asbestos Notification Program
P.O. Box 149347
Austin, TX 78714-9347

TXDOT
Aviation Division
P.O. Box 5020
Austin, TX 78763-5020

TX Dept. of State Health Services
P.O. Box 12190
Austin, TX 78711-2190

Texas State Board of Public Accts
333 Guadalupe
Tower III, #900
Austin, TX

Texas State Comptroller
111 E 17th St.
Austin, TX 78774-0100

Texas Enterprise Zone
Aaron Demerson, Ofc of Governor
Economic Dev. & Tourism
P.O. Box 12428
Austin, TX 78711

US Department of Labor
Occupational Safety & Health Admin.
800 Dolorosa St., #203
San Antonio, TX 78207-4561

U.S. Department of Labor
Occupation Safety & Health Adm
San Antonio District Office
Washington Square Blvd, #203
800 Dolorosa Street
San Antonio, TX 78207-4559

Texas State Comptroller
Unclaimed Property Division
P.O. Box 12019
Austin, TX 78711-2019

US Treasury
Defense Energy Support
8725 John Kingman Rd., #4950
Fort Belvoir, VA 22060-6222

U. S. Dept of Transportation
Hazardous Materials Registration
1200 New Jersey Ave, SE
Washington, DC 20590

Gary W. Wright
Assistant United States Attorney
601 N.W. Loop 410, #600
San Antonio, TX 78216
Fax: (210) 384-7358
gary.wright@usdoj.gov

## NOTICES OF APPEARANCE

Truth Resources LLP/Gaither
Petroleum Corporation
William W. Cason
18000 Groschke Rd, Bldg A1
Houston, TX 77084
fax: 281-994-5410
bcason@apxww.com

Killam Oil Co., Ltd. and Texpata Pipeline
c/o Patrick H. Autry
Nunley Jolley Cluck Aelvoet LLP
1580 South Main St., #200
Boerne, TX 78006
fax: 830-816-3388
Email: pautry@texastriallaw.com

Comptroller of Public Accounts
c/o Jason A. Starks
Assistant Attorney General
Bankruptcy & Collections Div.
P.O. Box 12548
Austin, TX 78711-2548
fax: 512-482-8341
bk-jstarks@oag.state.tx.us

Suemaur Exploration and Production
c/o Scott J. Duncan
Porter Rogers Dahlman & Gordon, PC
800 N. Shoreline Blvd., #800S
Corpus Christi, TX 78401
fax: 361-880-5844
sduncan@prdg.com

Suemaur Exploration and Production, LLC
and John D. Manley III, Operating, Inc.
c/o John W. Harris
Law Offices of John Wallis Harris
Frost Bank Tower, #1452B
100 W. Houston St.
San Antonio, TX 78205
fax: 210-227-1035
jwharris@johnwharrislaw.com

M. Frank Russell
312 Westover Rd.
San Antonio, TX 78209
mfrussell777@att.net

Overland Contracting, Inc.
c/o Rhett G. Campbell
Mitchell E. Ayer
Thompson & Knight LLP
333 Clay St., #3300
Houston, TX 77002
fax: 713-654-1871
Rhett.Campbell@tklaw.com
Mitchell.Ayer@tklaw.com

T-C Oil Company
c/o Richard T. Chapman
Anderson, Smith, Null & Stofer, L.L.P.
One O'Connor Plaza, 7th Floor
P.O. Box 1969
Victoria, TX 77902
fax: 361-573-5288
rchapman@andersonsmith.com

Plains All American Pipeline
c/o Patricia Williams Prewitt
Law Offices of Patricia Williams Prewitt
412 E. Washington Ave.
Navasota, TX 77868
pwp@pattiprewittlaw.com

Plains All American Pipeline
c/o Andrew M. Caplan
Weycer Kaplan Pulaski & Zuber, PC
11 Greenway Plaza, #1400
Houston, TX 77046
acaplan@wkpz.com

Enduring Resources, LLC
c/o Randall L. Rouse
Lynch, Chappell & Alsup
300 North Marienfeld, #700
Midland, Texas 79701-4345
fax: 432-683-2587
rrouse@lcalawfirm.com

Gulfmark Energy, Inc.
c/o Michael S. Holmes, Esq.
Michael S. Holmes, P.C.
8100 Washington Ave., #120
Houston, TX 77007
fax: 713-956-6284
msholmes@cowgillholmes.com

Albert Glen Gonzalez
c/o Ronald Hornberger
Plunkett & Gibson, Inc.
70 NE Loop 410, #1100
San Antonio, TX 78216
fax: 210-734-0379
hornbergerr@plunkett-gibson.com

Bexar County
c/o David G. Aelvoet
Linebarger Goggan Blair & Sampson, LLP
711 Navarro, #300
San Antonio, TX 78205
fax: 210-225-6410
sanantonio.bankruptcy@publicans.com

Polaris Engineering
Polaris Construction
c/o Mike F. Pipkin
Sedgwick Detert Moran & Arnold LLP
1717 Main St., #5400
Dallas, TX 75201
fax: 469-227-8004
mike.pipkin@sdma.com

Diane Prier
8312 Ridgelea St.
Dallas, TX  75209-2626
fax: 214-350-7938
dprier@tx.rr.com

Taylor Central Appraisal District
c/o Lee Gordon
McCreary Veselka Bragg & Allen PC
P.O. Box 1269
Round Rock, TX  78680
fax: 512-323-3205
lgordon@mvbalaw.com

Nueces County and Live Oak CAD
c/o Diane W. Sanders
Linebarger Goggan Blair & Sampson
P.O. Box 17428
Austin, TX  78760-7428
fax: 512-443-5114
Austin.bankruptcy@publicans.com

Ryan, Inc.
c/o Bruce W. Akerly
Cantey Hanger, LLP
1999 Bryan St., #3300
Dallas, TX  75201
fax: 214-978-4150
bakerly@canteyhanger.com

El Paso Corporation
Attn: Michael J. McGinnis
1001 Louisiana, #1540B
Houston, TX  77002
fax: 713-420-6060
Michael.j.mcginnis@elpaso.com

IKON Financial Services
Attn: Maie Griner, Recovery Data
Coordinator
Bankruptcy Administration
1738 Bass Rd
P.O. Box 13708
Macon, GA  31208-3708

Mitsubishi Corporation
c/o Charles S. Kelley and Andres Romay
Mayer Brown LLP
700 Louisiana St., #3400
Houston, TX  77002-2730
fax: 713-238-4634
ckelley@mayerbrown.com
aromay@mayerbrown.com

Mitsubishi Corporation
c/o Andrew D. Shaffer
Mayer Brown LLP
1675 Broadway
New York, NY  10019
fax: 212-849-5828
ashaffer@mayerbrown.com

Shell Trading (US) Company
c/o Paul B. Turner
Sutherland Asbill & Brennan LLP
Two Houston Center
909 Fannin, #2200
Houston, TX  77010
fax: 713-654-1301
paul.turner@sutherland.com

Shell Trading (US) Company
c/o Mark D. Sherrill
Sutherland Asbill & Brennan LLP
1275 Pennsylvania Ave., NW
Washington, DC  20004
fax: 202-637-3593
mark.sherrill@sutherland.com

Landcoast Insulation, Inc.
c/o Mark D. Goranson
GoransonKing, PLLC
550 Westcott, #415
Houston, TX  77007
fax: 713-526-9202
goranson@goransonking.com

Superior Crude Gathering and Bay, Ltd.
c/o Ronald A. Simank
Schauer & Simank, PC
615 N. Upper Broadway, #2000-MSC-159
Corpus Christi, TX  78477
fax: 361-884-2822
rsimank@cctxlaw.com

TCEQ
c/o E. Stuart Phillips
Assistant Attorney General
The Texas Attorney General's Office
P.O. Box 12548, MC-008
Austin, TX  78711-2548
fax: 512-482-8341
stuart.phillips@oag.state.tx.us

Glen Gonzalez
Eric J. Taube and Morris D. Weiss
Hohmann, Taube & Summers, L.L.P.
100 Congress Ave., 18 Floor th
Austin, Texas 78701
erict@hts-law.com

SemCrude, L.P.
c/o Andrew R. Turner
Conner & Winters, LLP
4000 One Williams Center
Tulsa, OK  74172-0148
fax (918) 586-8672
aturner@cwlaw.com

SemCrude, L.P.
c/o Bryan J. Wells
Conner & Winters, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK  74102-7101
fax (405) 232-2695

Big Star LLP / Saint James Energy
Operating, Inc.
c/o Robert K. Sugg
Oppenheimer, Blend, Harrison &
Tate, Inc
711 Navarro, Sixth Floor
San Antonio, TX 78205
210 224 7540 (fax)
rsugg@obht.com.

Glen Gonzalez
c/o Harry P. Susman
Susman Godfrey L.L.P.
1000 Louisiana, #5100
Houston, TX 77002
hsusman@susmangodfrey.com

Magnatex Pumps, Inc.
c/o John P. Melko
Gardere Waynne Sewell LLP
1000 Louisiana, #3400
Houston, TX 77002-5011
713 276 6727 (fax)
jmelko@gardere.com

Albert Gonzalez
c/o Weldon Moore, III
8235 Douglas Ave., #1100
Dallas, TX 75225
wmoore@csmlaw.net

AGE Transportation, Inc.
c/o Eric J. Taube and Morris D. Weiss
Hohmann, Taube & Summers, L.L.P.
100 Congress Ave., 18th Fl.
Austin, Texas 78701

Roundup Funding, LLC
c/o Linh K. Tran
B-Line, LLC
P.O. Box 91121
Seattle, WA 98111-9221
bline.chapter13@blinellc.com