IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| AGE REFINING, INC., | § | Case No. 10-50501-LMC |
| | § | |
| Debtor. | § | |
| | § | |

## TRUSTEE'S EMERGENCY MOTION TO MODIFY
## BID PROCEDURES ORDER
[Relates to Doc. No. 758]

TO THE HONORABLE LEIF M. CLARK, UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Eric J. Moeller, the Court-appointed Chapter 11 Trustee for AGE Refining, Inc. (the "Trustee") and hereby files his Emergency Motion to Modify Bid Procedures Order ("Motion to Modify"), and would respectfully show the Court as follows:

### Jurisdiction

1. This Court has jurisdiction over the Motion to Modify under 28 U.S.C. §§ 157 and 1334. The Motion is a core proceeding as that term is used at 28 U.S.C. § 157. Venue is appropriate before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2. The statutory predicate for relief is Section 105 of the Bankruptcy Code.

### Background

3. On February 8, 2010, AGE Refining, Inc. ("Debtor") filed for relief under Chapter 11.

4. On December 21, 2010, the Bankruptcy Court entered its *Order (A) Approving the Procedures for Soliciting Offers for Substantially All of the Estate's Assets; (B) Approving the Form and Manner of Notice; (C) Authorizing the Trustee to Conduct an Auction to Determine the Highest and Best Offer; (D) Approving the Procedures for*

L & B 12836/0002/L0498050.DOC

*Determining Cure Amounts for Assumed Contracts and Leases; and (E) Granting Related Relief* (Docket No. 758) (the "Bid Procedures Order").

5. Pursuant to the Bid Procedures Order, Stalking Horse Bids (as defined in the Bid Procedures Order), were due by 5:00 pm Central Time on February 3, 2011. The Trustee, through his investment banker, Global Hunter Services, received five (5) bids from parties interested in having their bid designated as the Stalking Horse offer.

6. The Trustee filed a Motion to Extend Time for Determining Stalking Horse Bids. On February 17, 2011, the Court, after considering the Motion determined to extend that deadline to February 17, 2011 (Docket No. 827).

7. During the month of February, the Trustee, Global Hunter and Chase continued to discuss and receive offers from numerous parties. The Trustee, Global Hunter and Chase have continued those discussions including numerous face to face discussions held over the last week. The Trustee remains encouraged about the level of interest. As has previously been reported to the Court, over the last couple of months the refinery has benefited from operational improvements and also improving general market conditions. The Trustee and Global Hunter have been making interested parties aware of these developments to be sure these are adequately and appropriately taken into consideration by the prospective purchasers.

8. The Trustee proposes to modify the existing Bid Procedures Order (Doc. 748) as per the attached. In general, the Trustee intends to extend out this process until the first part of April 2011 and to retain flexibility about how the process should move forward.

## Relief Requested

WHEREFORE PREMISES CONSIDERED, the Trustee respectfully requests that the Court enter an Order modifying and extending the prior Bid Procedures Order in accordance with the proposed Amended Bid Procedures set forth in the attached Exhibit "A" and for such other and further relief to which he may show himself to be entitled.

Respectfully submitted,

LANGLEY & BANACK, INCORPORATED
745 E. Mulberry, Suite 900
San Antonio, TX 78212
Telephone: (210) 736-6600
Facsimile: (210) 735-6889


By: ___/s/ David S. Gragg_____
    DAVID S. GRAGG
    State Bar No. 08253300
    NATALIE F. WILSON
    Hawaii Bar No. 8852
    ALLEN M. DeBARD
    State Bar No. 24065132

**GENERAL COUNSEL TO THE
CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing pleading was served on the parties on the Limited Service List through the Court's electronic case filing system or by first class mail, postage prepaid, on this 2nd day of March 2011.

/s/ David S. Gragg_____
David S. Gragg

# EXHIBIT "A"

# EXHIBIT A
# REVISED BID PROCEDURES

UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § § § | Chapter 11 |
| AGE REFINING, INC. | § § § | Case No. 10-50501 |
| Debtor. | § § § | |

## NOTICE OF AUCTION AND REVISED BID PROCEDURES

PLEASE TAKE NOTICE OF THE FOLLOWING:

**A.  The Bid Procedures Order**

1.  On December 21, 2010, the Honorable Leif M. Clark, United States Bankruptcy Judge for the Western District of Texas, San Antonio Division (the "Bankruptcy Court") entered its *Order (A) Approving the Procedures for Soliciting Offers for Substantially All of the Estate's Assets; (B) Approving the Form and Manner of Notice; (C) Authorizing the Trustee to Conduct an Auction to Determine the Highest and Best Offer; (D) Approving the Procedures for Determining Cure Amounts for Assumed Contracts and Leases; and (E) Granting Related Relief* (the "Original Bid Procedures Order"), which was amended of March 4, 2011 by the Bankruptcy Court's *Amended Order (A) Approving the Procedures for Soliciting Offers for Substantially All of the Estate's Assets; (B) Approving the Form and Manner of Notice; (C) Authorizing the Trustee to Conduct an Auction to Determine the Highest and Best Offer; (D) Approving the Procedures for Determining the Cure Amount for Assumed Contracts and Leases; and (E) Granting Related Relief* (the "Amended Bid Procedures Order") .

2.  Pursuant to the Amended Bid Procedures Order, Eric J. Moeller, the duly appointed Chapter 11 Trustee in the above-captioned case (the "Trustee") is authorized to

conduct an auction (the "Auction") on **April 5 and April 6, 2011 beginning April 5, 2011 at 10:00 a.m.** in the offices of Langley & Banack, Inc., 745 E. Mulberry, Suite 900, San Antonio, Texas 78212. The Auction, if held, will be held to determine the highest and best offer from a party interested in purchasing substantially all of the Assets.

B.  **Bids, Alternate Negotiations, and Bid Protections**

3. The Trustee is authorized, but not required, to accept or utilize a process that allows for additional bids to be topped based on negotiated terms or an auction. Any party wishing to participate in the sales process and potential auction must submit an offer to the Trustee through Global Hunter Securities by electronic mail to Michael Schmidt (mschmidt@ghsecurities.com) and Jenna Wittig (jwittig@ghsecurities.com). Any bidder may request consideration of a break up fee or other expense reimbursement provisions ("Break-Up Fee") as part of their offer. Any Break-Up Fee is subject to Court approval before it is effective.

4. If the Trustee determines, in exercising his business judgment and after consulting with his professionals, the Committee and the Lenders, that a bid with certain bid protections should be accepted, subject to receipt of a higher and better offer, then the party that submits the accepted stalking horse offer will become the "Stalking Horse Bidder," and its offer, the "Stalking Horse Offer," and the Trustee will promptly file a notice of the accepted Stalking Horse Offer. A Stalking Horse Offer accepted by the Trustee will be considered a Qualified Offer, and the Stalking Horse Bidder a Qualified Bidder.

5. The Trustee, after consulting with his professionals, the Committee and the Lenders, may determine to enter into negotiations with one potential buyer

("Designated Purchaser"), and proceed to seek Bankruptcy Court approval in either a Stand-Alone Hearing or Plan Confirmation, without proceeding to a formal Auction as set forth in C and D, below.

**C.     Admission to the Auction**

6.     If an Auction is pursued, only parties submitting Qualified Offers will be allowed to participate in the Auction (a "Bidding Party"). A Qualified Offer must satisfy all of the following requirements, unless waived by the Trustee after consultation with his professionals, the Committee and the Lenders:

    a.     Must not contain any contingencies for the potential buyer's ability to obtain financing or conduct additional due diligence;

    b.     Must not contain any condition to closing on the receipt of any third party approval (excluding approvals required by the Bankruptcy Court or any governmental or regulatory agency);

    c.     Must not be conditioned upon the approval by the Bankruptcy Court, or receipt by the potential buyer, of any bid protections or break-up fees;

    d.     Must provide that the offer is irrevocable for fourteen (14) days after the entry of an order confirming a plan of reorganization or an order approving a sale pursuant to 11 U.S.C. §§ 363 & 365;

    e.     Must acknowledge that the potential buyer has: (x) had the opportunity to conduct its own due diligence and independent review of the Debtor's assets and financial information; and (y) relied solely upon its own due diligence, and not any oral or written statements of the Trustee, his professionals, or any other third party;

    f.     Must specify all executory contracts or unexpired leases that will be assumed by the Trustee (the "Assumed Contracts") and assigned to the buyer and any cure amounts necessary to assume the same;

    g.     Must contain provisions specifically identifying (a) which, if any, working capital assets the potential buyer intends to acquire and the consideration, if any, intended to be paid for same; (b) which, if any, post-petition liabilities the potential buyer intends to assume; and (c) the consideration proposed for non-working capital assets, such as real property, plant and equipment;

  g. Unless the offeror is a Lender to the Debtor, the offer must be accompanied by: (x) an executed escrow agreement that is acceptable to the Trustee; (y) proof of receipt by an escrow agent of the potential buyer's deposit in an amount of no less than 5% of the total consideration provided in the offer (the "Good Faith Deposit"); and

  h. Must be received by Global Hunter Securities on behalf of the Trustee no later than the Bid Deadline, which is **March 29, 2011**.

 7. If an Auction will be pursued, no later than **5:00 p.m. on March 31, 2011**, the Trustee will give written notice to all parties who have submitted a Qualified Offer (the "Qualified Bidders"): (a) of the Qualified Bidder's admission to the Auction; and (b) the amount of the Initial Highest Bid. The Trustee will determine, in consultation with its professionals, the Committee and the Lenders, the highest and best offer among the Qualified Offers (the "Initial Highest Bid"). All Qualified Offers will be made public after March 31, 2011, unless the Trustee elects otherwise. The Lenders are deemed Qualified Bidders, and their credit bids, if any, Qualified Offers.

**D.** **The Auction**

 8. If an Auction is pursued, only representatives of the following parties will be admitted to the Auction: (i) the Trustee; (ii) the Committee; (iii) the Lenders; (iv) the Qualified Bidders; and (v) the United States Trustee (collectively, the "Auction Participants").

 9. During the Auction, which may or may not be held in an open forum, the Trustee will accept bids from the Qualified Bidders (the "Bidding Parties" or, each a "Bidding Party"). The bidding shall start at the Initial Highest Offer, and shall be increased by any Bidding Party in minimum increments of $100,000.00, with the first overbid including an amount equal to the Break-Up Fee, if any, plus the initial overbid amount, if any, (if theretofore approved by the Bankruptcy Court), until no additional

offers are submitted by a Bidding Party. The Trustee, and the Trustee's professionals, may adjourn the Auction from time to time to negotiate and discuss directly with the Bidding Parties and the other Auction Participants.

10. The Trustee will determine, after any potential auction and after considering the conditions, contingencies and terms submitted by each Bidding Party, and after consulting with his professionals, the Committee and the Lenders, and in the Trustee's sole and exclusive business judgment, which offer presents the highest and best consideration and recovery for the estate, its creditors and stakeholders. Upon reaching such a determination, the Trustee will announce which Bidding Party submitted: (i) the highest and best offer (the "Successful Bidder"); and (ii) the second highest and best offer (the "Back-up Bidder").[1]

11. The Trustee will ask the Court to approve the Successful Bidder and the Back-up Bidder, and the applicable transaction proposed by each, as part of the confirmation of the Trustee's plan of reorganization or as a stand-alone sale pursuant to 11 U.S.C. §§ 363 & 365, unless otherwise ordered by the Court.

E. **Data Room and Due Diligence Materials**

12. The Trustee will continue to provide access to its financial statements and other relevant materials for interested parties to conduct due diligence. To obtain access to the due diligence materials, an interested party must:

    a. execute a confidentiality agreement in a form acceptable to the Trustee;

---

[1] The Trustee reserves the right to adopt such other rules, or modify the rules, for the Auction as necessary or appropriate to promote the goal of obtaining the highest and best offer for the estate, its creditors and stakeholders.

   b. produce financial statements or other documents that demonstrate, to the Trustee's satisfaction, that such interested party is financially capable of closing on a Transaction within the time required; and

   c. disclose the scope and timing of any due diligence to be conducted before the Bid Deadline

13. For information concerning access to the due diligence materials, all interested parties must contact Global Hunter Securities:

Michael Schmidt
mschmidt@ghsecurities.com
O: (504) 410-8016
C: (504) 432-4483

Jenna Wittig
jwittig@ghsecurities.com
O: (504) 410-8013
C: (504) 256-9193

**F. All Transactions to Close Pursuant to a Plan or Other Order of the Court**

14. No later than **April 7, 2011**, the Successful Bidder or Designated Purchaser, and the transaction proposed by the Successful Bidder or Designated Purchaser (the "Transaction") will be disclosed as a supplement to the Trustee's plan of reorganization (the "Plan") or in papers for approval of a stand-alone sale pursuant to 11 U.S.C. §§ 363 & 365 ("Stand-Alone Hearing"). The Trustee will seek the Bankruptcy Court's approval of the proposed Transaction as part of the confirmation of the Plan (the "Confirmation") or a Stand-Alone Hearing. The dates for the Confirmation Hearing or Stand Alone Hearing and the deadline for filing objections shall be provided by a separate order and notice.

15. In the case of a conflict between this Notice and the Bid Procedures Order, the Bid Procedures Order controls. A copy of the Bid Procedures Order may be obtained from Global Hunter Securities or the undersigned.

  Dated: March 2, 2011.

              Respectfully submitted,

          LANGLEY & BANACK, INC.
          745 East Mulberry, Ste. 900
          San Antonio, TX 78212-3166
          Telephone: (210)-736-6600
          Fax: (210) 735-6889
          E-mail: dgragg@langleybanack.com

By: _____
          DAVID S. GRAGG
          Texas Bar No. 08253300
          STEVEN R. BROOK
          Texas Bar No. 03042300
          NATALIE F. WILSON
          Hawaii Bar No. 8852
          Admitted *Pro Hac Vice*

          ATTORNEYS FOR ERIC J. MOELLER,
          CHAPTER 11 TRUSTEE