**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**San Antonio Division**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AGE REFINING, INC. | § | Case No. 10- 50501-lmc |
| | § | |
| Debtor. | § | |

**OBJECTION OF SHELL TRADING (US) COMPANY TO**
**NOTICE OF CURE AMOUNTS AND DEADLINE TO FILE OBJECTIONS**

Shell Trading (US) Company ("Shell Trading") files this *Objection to Notice of Cure Amounts and Deadline to File Objections* (the "Objection") and respectfully states as follows:

1. In both the prepetition and postpetition periods, Shell Trading has been a counterparty to the above-captioned debtor, AGE Refining, Inc. (the "Debtor").

2. On December 21, 2010, this Court entered the *Order (A) Approving the Procedures for Soliciting Offers for Substantially All of the Debtor's Assets; (B) Approving the Form and Manner of Notice; (C) Authorizing the Trustee to Conduct an Auction to Determine the Highest and Best Offer; (D) Approving the Procedures for Determining Cure Amounts for Assumable Contracts and Leases; and (E) Granting Related Relief* (the "Bid Procedures Order") (docket no. 758).

3. Pursuant to the Bid Procedures Order, on January 10, 2011, Eric J. Moeller, the duly appointed Chapter 11 Trustee (the "Trustee"), filed his *Notice of Cure Amounts and Deadline to File Objections* (the "Cure Amount Notice") (docket no. 776). The Cure Amount Notice sets forth the counterparties to allegedly executory contracts

("Assumable Contracts") that are to be assumed and assigned to a successful bidder under the Bid Procedures Order.

4. Exhibit "A" to the Cure Amount Notice lists "Executory Contracts and Unexpired Leases." It includes Shell Trading as a counterparty to an allegedly Assumable Contract.

5. Because Exhibit A to the Cure Amount Notice provides very little detail about the actual Assumable Contracts, Shell Trading cannot be certain which of its contracts is at issue. Based on the cure amount provided, however, Shell Trading believes that the Trustee may be referring to contract numbers CSE113218 and CSE112343 under the Conoco General Terms and Conditions (collectively, the "Crude Agreements").

6. By letter dated February 11, 2010, Shell Trading exercised its contractual rights to terminate the Crude Agreements. Accordingly, pursuant to section 365(a) of the Bankruptcy Code, the Crude Agreements are not executory contracts and are not capable of being assumed.

WHEREFORE, Shell Trading respectfully requests that this Court (a) enter an Order denying the Trustee's ability to assume and/or assign the Crude Agreements, and (b) grant Shell Trading such other and further relief as the Court deems just.

Dated: April 4, 2011

        SUTHERLAND ASBILL & BRENNAN LLP

        <u>/s/ Paul B. Turner</u>
        Paul B. Turner (*pro hac vice*)
        1001 Fannin Street, Suite 3700
        Houston, Texas 77002
        Tel: (713) 470-6100
        Fax: (713) 470-1301

        Mark Sherrill (SBT # 24034678)
        1275 Pennsylvania Avenue, NW
        Washington, DC 20004
        Tel: (202) 383-0100
        Fax: (202) 637-3593

        *Counsel for Shell Trading (US) Company*

11653159.2

## Certificate of Service

I hereby certify that the foregoing Objection was duly served on all parties on the Official Service List, as well as the "Notice Parties" provided in the Cure Amount Notice, in accordance with the Local and Federal Rules of Bankruptcy Procedure, on this 4th day of April, 2011.

          /s/ Mark Sherrill
          Mark D. Sherrill