IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| AGE REFINING, INC., | § | Case No. 10-50501-LMC |
| | § | |
| Debtor | § | |
| _____ | § | |

**TRUSTEE'S EMERGENCY MOTION TO CONTINUE HEARING ON MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS**
[Relates to Docket No. 879]

TO THE HONORABLE LEIF M. CLARK,
UNITED STATES BANKRUPTCY JUDGE:

Now comes Eric J. Moeller, the court-appointed Chapter 11 Trustee in the above-referenced bankruptcy proceeding, and moves the Court to continue the hearing currently scheduled for Monday, April 11, 2011 at 2:00 p.m. on the Trustee's Motion for Entry of Order Authorizing and Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claim and Encumbrances Outside the Ordinary Course of Business (the "Sale Motion") and would show the Court as follows:

1. On February 8, 2010, AGE Refining, Inc. ("Debtor") filed for relief under Chapter 11.

2. On April 1, 2011, the Trustee filed the Sale Motion seeking approval to sell the Debtor's assets outside the ordinary course of business to the Designated Purchaser.

3. A hearing on the Sale Motion is currently set for April 11, 2011 at 2:00 p.m.

4. Since the filing of the Sale Motion, the Trustee and the Designated Purchaser have been diligently working on the Asset Purchase Agreement. Designated Purchaser will be buying certain of the Debtor's assets, as more specifically set forth in the Sale Motion, and issues have arisen concerning handling certain working capital aspects of the purchase. In addition, the parties are working through the mechanics of the transition from the Estate to Designated Purchaser of some of the Debtor's other financial arrangements including letters of credit utilized by the Debtor for the purchase of crude oil and the Debtor's letters of credit backing the Mitsubishi Platinum Lease. These issues, and other issues, have delayed the completion of the Asset Purchase Agreement.

5. The parties have been working diligently to resolve these issues and expect to conclude and execute the Asset Purchase Agreement no later than April 11, 2011. Because of the prior representation to the Court and all parties that the Asset Purchase Agreement would be filed <u>prior</u> to the hearing on the Sale Motion, and in the interest of certain parties to review the Asset Purchase Agreement, the Trustee requests that the hearing on the Sale Motion be briefly postponed.

6. This reset should not impact the proposed closing planned by the Trustee and the Designated Purchaser for Thursday, April 21, 2011. If possible, the Trustee requests that hearing on the Sale Motion be reset for Thursday, April 14, 2011 or no later than Monday, April 18, 2011.

WHEREFORE, PREMISES CONSIDERED, the Trustee moves the Court to reset the April 11, 2011 hearing on the Trustee's Sale Motion to either April 14, 2011 or April 18, 2011, and for such other and further relief to which he may be entitled.

Dated: April 8, 2011

Respectfully submitted,

LANGLEY & BANACK, INCORPORATED
745 E. Mulberry, Suite 900
San Antonio, TX 78212
Telephone: (210) 736-6600
Facsimile: (210) 735-6889

By: ___*/s/ David S. Gragg*___
     DAVID S. GRAGG
     State Bar No. 08253300
     STEVEN R. BROOK
     State Bar No. 03042300
     NATALIE F. WILSON
     Hawaii Bar No. 8852
     Admitted *pro hac vice*
     ALLEN M. DeBARD
     State Bar No. 24065132

     **GENERAL COUNSEL TO THE**
     **CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

     I hereby certify that a true and correct copy of the above and foregoing Motion to Continue Hearing was served on those parties on the Limited Service List through the Court's electronic case filing system and/or by first class mail, postage prepaid, on this 8th day of April 2011.

     */s/ David S. Gragg*
     David S. Gragg