IN THE UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | **Bankruptcy Case 10-50501-LMC** |
| AGE REFINING, INC., | § | |
| | § | **Chapter 11** |
| Debtor. | § | |

**OBJECTION OF THE UNITED STATES OF AMERICA TO TRUSTEE'S MOTION FOR ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS AND TO ASSUME AND ASSIGN CERTAIN EXECUTORY CONTRACTS AND UNEXPIRED LEASES**

The United States of America, on behalf of the Department of the Defense and its agency the Defense Logistics Agency and its components (collectively "DoD"), objects to Trustee's Motion for Order Authorizing and Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims and Encumbrances Outside the Ordinary Course of Business and to Assume and Assign Certain Executory Contracts and Unexpired Lease (Docket No. 879) (the "Motion").

**Factual Background**

1. Age Refining, Inc. (the "Debtor") has two current contracts with the Defense Logistics Agency Energy ("DLA Energy").

2. Contract number SP0600-07-D-0464 ("Contract 0464") is to supply the Government with thermally stable jet fuel ("JPTS"). The contract was awarded on February 26, 2007, for $24,568,310.00, and consisted of a two-year base period with three one-year option periods:

Base Ordering Period:       February 26, 2007 through March 31, 2009

Base Delivery Period:       April 1, 2007 through March 31, 2009, plus 30 days

  First Option Period:   April 1, 2009 through March 31, 2010

  Second Option Period:  April 1, 2010 through March 31, 2011

  Third Option Period:   April 1, 2011 through March 31, 2012

DLA Energy exercised all option periods.

3. JPTS is a specialty product of critical importance to the U.S. Military. The Debtor is only one of two known suppliers of this product worldwide.[1] If supplies are disrupted, there will be an immediate impact on the U.S. Air Force. JPTS was created specifically for the Lockheed U-2 reconnaissance aircraft. The U-2 has used JPTS since the aircraft's development in the 1950s.

4. Since November 2010, the Debtor has failed to deliver a total of 208,211 gallons of JPTS under Contract 0464. Currently, the DoD has four open orders for the month of April 2011: order number 0146 is for 75,000 gallons to be delivered to Beale Air Force Base in Marysville, CA; order number 0145-01 is for 374,295 gallons to be delivered to LBC Tank Terminals in Houston, TX; and order numbers 0147 and 0148 are both for 14,000 gallons to be delivered to Palmdale, CA.[2] The Debtor has until April 30, 2011 to complete these orders.

5. DLA Energy provided to the Debtor a JPTS additive that is no longer manufactured, and is the property of the United States (the "Government Furnished Property" or "GFP"). On information and belief, the Debtor is still in possession of one or two barrels of the JPTS additive. The additive is used in preparing the JPTS fuel. Each barrel of this additive has an approximate value of $50,000.

---

[1] The other is SK Energy who provides JPTS in South Korea.
[2] Order numbers 147 and 148 are separated into two orders because they are for different customers.

6. The other contract the Debtor has with DLA Energy is contract number SP0600-10-D-0462 ("Contract 0462"), to supply the Government with military grade jet fuel ("JP8"). For this procurement, the Debtor received a price evaluation preference by adding a factor of 10 percent to all other offerors, for being a HUBZone small business concern. In addition, the Debtor was awarded 10,800,000 gallons as a small business set-aside quantity. The contract was awarded on April 27, 2010, for $84,635,512.75:

Ordering Period: April 27, 2010 through March 31, 2011

Delivery Period: April 27, 2010 through March 31, 2011, plus 30 days

On March 24, 2011, DLA Energy issued a modification extending the ordering and delivery period of the contract to May 31, 2011.

7. Since the award of Contract 0462, the Debtor has failed to deliver the full amount of product ordered every month. However, the DoD was able to replace product from inventory at its Defense Fuel Supply Point ("DFSP") located in Houston, TX at lower prices than the Debtor's contract award prices.

8. In addition, the DoD refrained from terminating for convenience a prior contract, SP0600-09-D-0477, due to the Debtor's filing for Chapter 11 bankruptcy ("Contract 0477") (Contract 0464, Contract 0462 and Contract 0477 are collectively referred to as the "DoD Contracts").

9. On February 11, 2011, counsel for the Trustee sent an email to Assistant United States Attorney Gary Wright regarding the Trustee's efforts to sell Debtor's refinery assets and asserted that **"[o]ne of the assets of the company are its various contracts with the U.S. government**…"("Trustee Correspondence") (emphasis added). A true and

3

correct copy of the Trustee Correspondence is attached hereto as **Exhibit 1** and incorporated by reference herein**.**

10. On February 16, 2011, after consultation with representatives of the DoD, the Government, through its counsel Mr. Wright, responded to the Trustee Correspondence to put the Trustee on notice regarding the concerns of the Government relating to any attempted sale of Government contracts or the GFP ("Government Response"). A true and correct copy of the Government Response is attached hereto as **Exhibit 2** and incorporated by reference herein. Specifically, the Government notified the Trustee of five concerns: (1) continued performance of the DoD Contracts; (2) obtaining prior Government consent to any attempted assignment or sale of Government contract(s); (3) requirement that a proposed buyer must enter into a novation agreement as a prerequisite to obtaining Government consent to a proposed assignment; (4) Trustee disclosure of the stalking horse or high bidder to the DoD so the DoD can review whether the bidder may be approved as a Government contractor; and (5) disposition and value of the GFP. *Id.*

11. To date, neither the Government nor the DoD has received a response to the concerns detailed in the Government Response. Further, the undisclosed Designated Purchaser remains anonymous to the DoD. As such, the DoD cannot make any determination as to the Designated Purchaser's capacity to contract with the U.S. Government or eligibility to perform the DoD Contracts.

12. The Trustee filed the Motion on Friday April 1, 2011, and a motion for an expedited hearing on the Motion. Despite the Trustee's receipt of the Government Response, the Motion fails to address the DoD's concerns detailed in paragraph 10

4

above. The Court granted the motion for expedited hearing by order dated Tuesday April 5, 2011, setting the Motion for hearing on April 11, 2011.

13. To date, the Motion's promised Supplement disclosing the Designated Purchaser and the Asset Purchase Agreement ("APA") has not been filed. As such, the DoD has no knowledge of the identity of the Designated Purchaser or the definite terms of the sale, including those relating to the assumption and assignment terms of the DoD Contracts.

## Objection

14. The United States, through the DoD, does not object to the Trustee's proposed sale of certain of the Debtor's fixed assets and non-DoD contracts; however, the United States does object to the relief requested in the Motion to the extent that the Motion includes the Government Furnished Property ("GFP") and proposes to sell, assume, and assign the DoD Contracts.

### I. Government Furnished Property

15. The DoD objects to the Motion to the extent that it does not specifically exclude the GFP from the assets to be sold to the undisclosed Designated Purchaser. The GFP was provided to the Debtor to perform Contract 0464 and supply the Government with thermally stable jet fuel or JPTS. To date, the Government has not relinquished title to the GFP. Instead, the DoD, through its counsel: (i) notified the Trustee that the GFP was property of the United States; (ii) provided an estimated value of the GFP; (iii) affirmed that the GFP would remain with the Debtor so long as it continued to perform on the DoD Contracts; and (iv) request that a potential purchaser be notified that the GFP cannot be included in a sale. *See* **Ex. 2.**

16. It is a basic tenant of bankruptcy law that the Trustee cannot sell property that is not part of the bankruptcy estate. *Rampart Resolution Group, LLC v. Williams (In re Beach Dev., LP),* 2009 Bankr. LEXIS 4448 (Bankr. S.D. Tex. 2009) ("Nothing in the Bankruptcy Code permits the Trustee to convey any property that is not property of the bankruptcy estate"). Accordingly, the Trustee cannot include the GFP in the proposed sale to the undisclosed Designated Purchaser.

## II. The DoD Contracts

17. Regarding the DoD Contracts, the DoD objects to the Motion to the extent that it provides that "[t]he Debtor proposes to assume and assign and Designated Purchaser proposes to assume **certain** executory contracts by Debtor ('Assumed Contracts')" and the Assumed Contracts presumably include the DoD Contracts. The Motion, ¶ 30 (emphasis added). The Motion leaves third parties in the dark as to which of Debtor's contracts are included in the ambiguous "certain" category. However, the DoD must infer from the Motion's references to the DoD contracts and their alleged value to the sale that the Trustee is seeking to include all of the DoD Contracts in the proposed assets to be sold free and clear of all interests, liens and encumbrances and requesting authority to assume and assign the DoD Contracts. The Motion, ¶¶ 4, 5, 30. The Trustee's intent is further supported by the Trustee Correspondence which stated "**[o]ne of the assets of the company are its various contracts with the U.S. government** primarily regarding providing various types of jet fuel to the government. **I am sure it will be very important to any buyer to keep the existing contracts in place**." **Ex. 1** (emphasis added).

6

18. The Motion is unclear whether the proposed sale, assumption and assignment cover any pending offers that Debtor might have submitted to DLA Energy. Even if the Designated Purchaser becomes a successor in interest to Debtor pursuant to the proposed asset sale, the Designated Purchaser would not automatically obtain the Debtor's HUBZone status. The status can only be obtained through the Small Business Administration (SBA) certification of an entity as a HUBZone small business concern.[3] 13 CFR § 126.300. Therefore, the successor in interest to the Debtor, via acquisition of the Debtor's assets from the bankruptcy estate, is not automatically entitled to the Debtor's HUBZone small business concern status and the related entitlement to premium prices under Government contracts. As such, the Designated Purchaser may not be entitled to premium pricing for any future contract award(s) from DLA Energy or DoD.

### A. The Anti-Assignment Act

19. The Motion fails to expressly reserve the DoD's right under the Anti-Assignment Act to bar the sale, assumption and assignment of Government contracts absent consent from the DoD. 41 U.S.C. § 15; *In re West Elecs., Inc.*, 852 F.2d 79 (3d Cir. 1988); *In re TechDyn Sys. Corp.*, 235 B.R. 857 (Bankr. E.D. Va. 1999).[4]

---

[3] The requirements to be certified a small business HUBZone company include the following under 13 CFR § 126.200(b)(1-4).
   1. Company must be 51% owned and controlled by US citizens § 126.200(b)(1)(i)
   2. Company must be a small business § 126.200(b)(2)
   3. Principal office must be located in a HUBZone § 126.200(b)(3)
   4. 35% of the company's employees must reside in a HUBZone (although this can be any HUBZone § 126.200(b)(4).

In addition, a HUBZone small business concern must be qualified "both at the time of its initial offer and at the time of award in order to be eligible for a HUBZone contract." 13 CFR § 126.601(c). The company must also certified to the contracting officer at time of award that it is a qualified § HUBZone small business concern that appears on the SBA list of such concern. 13 CFR § 126.601(d)(1). Therefore, for any follow on contract in which AGE might have a pending offer, a successor in interest would likely not be certified by SBA as a HUBZone small business concern, even if qualified, by time of award.

[4] Depending on the contract involved, the assumption and assignment will also likely have to comply with the Federal Acquisition Regulations System at Title 48 of the Code of Federal Regulations. See part II B.

7

20. The Motion seeks to sell, assume and assign the Assumed Contracts pursuant to 11 U.S.C. §§ 363(f) and 365. These provisions of the Bankruptcy Code require that applicable nonbankruptcy law permit the proposed sale, assumption and assignment[5]. *See* 11 U.S.C. §§ 363(f)(1) and 365(c)(1). In this case, the Anti-Assignment Act, 41 U.S.C. § 15, bars the assignment of the DoD Contracts absent DoD's consent.[6] As such, the Trustee can neither assume nor assume and assign the DoD Contracts. because applicable nonbankruptcy law, 41 U.S.C. § 15, bars assignment of the DoD Contracts. *In re West Elecs., Inc.,* 852 F.2d 79 (3d Cir. 1988); *In re TechDyn Sys. Corp.*, 235 B.R. 857 (Bankr. E.D. Va. 1999).

21. Further, under 11 U.S.C. § 365, a debtor assumes a contract *cum onere* requiring the debtor to accept its burdens as well as its benefits. *University Med. Center v. Sullivan* (*In re University Med. Center*), 973 F.2d 1065, 1075 (3d Cir. 1992); *Chrysler Corp. v. Monroeville Dodge, Ltd.* (*In re Monroeville Dodge, Ltd.*), 166 B.R. 263, 267 (Bankr. W.D. Pa. 1994). The Motion's proposed assignment terms are currently undisclosed except for a blanket assertion that cure amounts for the Assumed Contracts will either be paid or provided adequate assurance of such payment, presumably including the DoD contracts. Without the terms of the proposed assumption and assignment the DoD cannot

---

[5] The relevant provisions of 11 U.S.C. § 363 (f) provide that the trustee may sell property free and clear of any interest in such property of another entity if "applicable nonbankruptcy law permits sale of such property free and clear of such interest" and 11 U.S.C. § 365(c)(1) provides that the trustee may not assume or assign a contract if "applicable law excuses a party … to such contract…from accepting performance from …an entity other than the debtor … and (B) such party does not consent to such assumption or assignment …".

[6] The Anti-Assignment Act states that "[n]o contract or order ... shall be transferred by the party to whom such contract ... is given to any other party, and any such transfer shall cause the annulment of the contract ... so far as the United States is concerned." 41 U.S.C. § 15.

8

determine whether the proposed sale violates this bedrock bankruptcy principle or complies with the DoD's concerns outlined in the Government Response.[7]

22. In addition to these objections, the United States also reserves its rights under the Anti-Assignment Act, 41 U.S.C. § 15, to bar the assumption, or the assumption and assignment, of any of the DoD contracts absent its consent. *In re West Elecs., Inc.*, 852 F.2d 79 (3d Cir. 1988).

### B. Novation Agreement Requirement of FAR

23. The Motion's proposed assumption and assignment of the Assumed Contract, presumably including the DoD Contracts, fails to comply with the requirements of the Federal Acquisition Regulation (the "FAR") as incorporated into the DoD Contracts.

24. Pursuant to the FAR, the Government may recognize a third party as the successor in interest to a Government contract by executing a novation agreement. FAR 42.1204(a). To start the novation process, the contractor and/or its successor in interest to its contracts must submit a written request to the responsible contracting officer.[8] FAR 42.1203(a). The contracting officer responsible for processing and executing novation agreements shall determine whether it is in the Government's interest to recognize the proposed successor in interest ("transferee"). FAR 42.1203(c). A transferee generally assumes all the transferor's obligations under the contract. FAR 42.1204 (h)(1). As such, novation agreements should include a statement indicating that "[t]he Transferee has

---

[7] There are potential defaults under the DoD contracts that must be cured, but the United States will address those, if necessary, as part of the Motion's referenced proposed cure procedures and expressly reserves its cure rights, if any, as to all United States government contracts at issue.

8 Additionally, in determining whether a novation agreement is in the best interest of the Government, the contracting officer must be privy to specific information about the proposed transferor, including, but not limited to: (1) the proposed transferee's responsibility under FAR Subpart 9.1; (2) whether any significant organizational conflicts of interest exist under FAR Subpart 9.5; (3) evidence of the transferee's capability to perform; and (4) evidence that any security clearance requirements have been met. FAR 42.1203(c)(2); FAR 42.1204. Obviously, this is impossible when the Designated Purchaser has not been disclosed and no written request to start the novation process has been made.

9

assumed all obligations and liabilities of the Transferor under the contracts by virtue of the above transfer." *See* FAR 42.1204(i)(a)(4).

25. The Motion in its current form makes no provision or specific statement that the proposed sale, assumption and assignment will recognize the U.S. Government's right to unilaterally consent to any assignment of Government contracts, specifically the DoD Contracts, and require compliance with the relevant provisions of the FAR.

## **Requested Relief**

26. The U.S. Government respectfully requests that the Court (a) deny the Motion to the extent it seeks to sell the DoD Furnished Property which is not property of the estate or specifically exclude it from the proposed sale; (b) deny the Motion to the extent it seeks to sell, assume and assign the DoD Contracts in violation of nonbankruptcy law, specifically the Anti-Assignment Act; and (c) deny the Motion to the extent it seeks to assume and assign the DoD Contracts in violation of nonbankruptcy law, specifically the Anti-Assignment Act and the FAR, without the consent of the DoD and in accordance with the requirements of the DoD Contracts.

DATE: April 8, 2011                          Respectfully submitted,

                                                              JOHN E. MURPHY
                                                              United States Attorney

                                  By:    /s/ *Gary W. Wright*
                                          Gary W. Wright
                                          Assistant United States Attorney
                                          601 N.W. Loop 410, Suite 600
                                          San Antonio, Texas 78216
                                          Tel. (210) 384-7340
                                          FAX (210) 384-7358
                                          Texas Bar No. 24047145

## CERTIFICATE OF SERVICE

This is to certify that a true copy of the foregoing was served upon all parties requesting notice and the parties listed on the attached Limited Service List by the Clerk's Office electronic notice facilities and/or by first class mail, postage prepaid, on this 8th day of April 2011.

/s/ *Gary W. Wright*
Gary W. Wright

Last Update: 3/24/11

# IN RE AGE REFINING, INC.

## Limited Service List

| | | |
|---|---|---|
| Age Refining, Inc.<br>Attn: Lisa Trefger<br>7811 S. Presa Street<br>San Antonio, TX 78223 | **Special Counsel for Trustee**<br>Mark E. Andrews<br>Aaron M. Kaufman<br>Cox Smith Matthews Incorporated<br>1201 Elm St., #3300<br>Dallas, TX 75270<br>mandrews@coxsmith.com<br>akaufman@coxsmith.com | Office of the U.S. Trustee<br>615 E. Houston, #533<br>P.O. Box 1539<br>San Antonio, TX 78295-1539<br>USTPRegion07.SN.ECF@usdoj.gov |
| Internal Revenue Service<br>P.O. Box 21126<br>Philadelphia, PA 19114 | **Chief Restructuring Officer of Debtor**<br>FTI Consulting, Inc<br>Albert S. Conly<br>2001 Ross Ave, #400<br>Dallas, TX 75201<br>fax: 214-397-1790<br>albert.conly@fticonsulting.com | **Special Counsel to Debtor**<br>Lee H. Shidlofsky<br>Visser Shidlofsky LLP<br>7200 N. Mopac Expwy, #430<br>Austin, Texas 78731<br>lee@vsfirm.com |
| Eric Moeller<br>Chapter 11 Trustee<br>ericjmoeller@gmail.com | **Counsel to Chapter 11 Trustee**<br>David S. Gragg<br>Langley & Banack, Inc<br>Trinity Plaza II<br>745 E Mulberry, Suite 900<br>San Antonio, TX 78212<br>dgragg@langleybanack.com | |

## SECURED CREDITORS

| | | |
|---|---|---|
| Chase Capital Corporation<br>Attn: W. Robert Felker<br>10 S. Dearborn St., #IL1-5048<br>Chicago, IL 60603 | **Counsel for Chase Capital Corporation**<br>Fulbright & Jaworski, LLP<br>Attn: Toby L. Gerber<br>2200 Ross Ave., #2800<br>Dallas, TX 75201-2784<br>fax: 214-855-8200<br>tgerber@fulbright.com | JP Morgan Chase Bank, N.A.<br>Attn: Courtney J. Jeans<br>2200 Ross Ave., 9th Fl<br>Dallas, TX 75201 |
| **Counsel for JP Morgan Chase Bank, N.A.**<br>Vinson & Elkins, LLP<br>Attn: William L. Wallander<br>Trammell Crow Center<br>2001 Ross Ave., #3700<br>Dallas, TX 75201-2975<br>fax: 214-999-7905<br>bwallander@velaw.com | | |

{L & B 12836/0001/L0453507.DOC}
2864923.12

## OFFICIAL COMMITTEE OF UNSECURED CREDITORS

| | | |
|---|---|---|
| Big Star Gathering, LLP<br>Attn: James L. Jensen<br>11177 Eagle View Dr., #150<br>Sandy, UT 84092<br>fax: 801-576-1154<br>james@stjamesenergy.com | dii Industries Services, LLC<br>Attn: Marc D. Moroux<br>600 Jefferson Street, Suite 1400<br>Lafayette, LA 70501<br>291-7437 Fax<br>mmoroux@morenoenergy.com | T-C Oil Company<br>Attn: Bland Proctor<br>427 FM 774<br>Refugio, TX 78377<br>fax: 361-576-6890<br>b.proctor@oconnorbraman.net |

**Counsel for Committee:**
Michael G. Colvard
Martin & Drought
300 Convent St.
Bank of America Plaza, 25th Floor
San Antonio, TX 78205-3789
Fax: (210) 227-7924
mcolvard@mdtlaw.com

## TWENTY LARGEST UNSECURED CREDITORS

| | | |
|---|---|---|
| Cindy Campbell<br>Age Transportation Inc<br>7811 S Presa<br>San Antonio, TX 78223-3547 | American Express<br>P.O. Box 650448<br>Dallas, TX 75265-0448 | City Public Service<br>P.O. Box 2678<br>San Antonio, TX 78289-0001 |
| Dresser Rand<br>P.O. Box 7247-6149<br>Philadelphia, PA 19170-6149 | Gaither Petroleum Corporation<br>18000 Groschke Rd, Bldg A1<br>Houston, TX 77084 | Aurelie Magnuson<br>Genesis Crude Oil LP<br>919 Milam, #2100<br>Houston, TX 77002 |
| Juanita Proctor<br>Gulfmark Energy Inc.<br>P.O. Box 844<br>Houston, TX 77001-0844 | Killam Oil Co. Ltd.<br>P.O. Box 499<br>Laredo, TX 78042-0499 | Legend Natural Gas II, LP<br>410 W. Grand Pwky South, #400<br>Katy, TX 77494 |
| O.G.O. Marketing LLC<br>4560 Salt Flat Rd.<br>Luling, TX 78648 | Bob Frendt<br>Overland Contracting, Inc.<br>P.O. Box 803823<br>Kansas City, MO 64180-3823 | Plains Marketing LP<br>Attn: Legal Dept.<br>P.O. Box 4648<br>Houston, TX 77210 |
| Repcon, Inc.<br>P.O. Box 9316<br>Corpus Christi, TX 78469 | SemCrude, LP<br>Two Warren Pl.<br>Tulsa, OK 74136-4216 | Donald Gormley<br>Shell Trading (US) Company<br>Two Houston Center<br>909 Fannin Street<br>Houston TX 77010-1014 |
| James Jensen<br>St. James Energy Operating<br>11177 Eagle View Dr., #150<br>Sandy, UT 84092 | Jim Devlin<br>Suemaur Exploration<br>802 N. Carancahua, #1000<br>Corpus Christi, TX 78470 | Jane Helm<br>Superior Crude Gathering, Inc.<br>P.O. Box 260784<br>Corpus Christi, TX 78426-0784 |
| T-C Oil Company<br>P.O. Box 2549<br>Victoria, TX 77902 | Trammo Petroleum<br>1111 Bagby, #1920<br>Houston, TX 77002 | |

## GOVERNMENT AND REGULATORY AGENCIES

| | | |
|---|---|---|
| Defense Energy Support Center<br>Attn: Matthew Shuster, Contracting Ofcr.<br>8725 John J. Kingman Rd., #4950<br>Fort Belvoir, VA 22060 | Caroline Chien<br>Assistant Counsel<br>Defense Energy Support Center<br>8725 John J. Kingman Rd, #1565<br>Fort Belvoir, VA 22060-6222<br>fax: 703-767-5022<br>Caroline.Chien@dla.mil | EPA Washington Acctg Operations<br>Fountain Place 12th Fl., #1200<br>1445 Ross Ave.<br>Dallas, TX 75202-2733 |
| HUBZone Empowerment Contracting Prog<br>US Small Business Admin<br>405 3rd St., SW<br>Washington, DC 20416 | Railroad Commission of TX<br>Oil & Gas Division<br>P.O. Box 12967<br>Austin, TX 78711-2967 | Railroad Commission of Texas<br>1701 N. Congress Ave.<br>Austin, TX 78711 |
| TCEQ<br>14250 Judson Rd.<br>San Antonio, TX 78233-4480 | Texas Commission on Environmental Quality<br>P.O. Box 13089<br>Austin, TX 78711-3089 | Texas Dept. of Licensing & Regulations<br>P.O. Box 12157<br>Austin, TX 78711 |
| TX Dept. of State Health Services<br>Asbestos Notification Program<br>P.O. Box 149347<br>Austin, TX 78714-9347 | TXDOT<br>Aviation Division<br>P.O. Box 5020<br>Austin, TX 78763-5020 | TX Dept. of State Health Services<br>P.O. Box 12190<br>Austin, TX 78711-2190 |
| Texas State Board of Public Accts<br>333 Guadalupe<br>Tower III, #900<br>Austin, TX | Texas State Comptroller<br>111 E 17th St.<br>Austin, TX 78774-0100 | Texas Enterprise Zone<br>Aaron Demerson, Ofc of Governor<br>Economic Dev. & Tourism<br>P.O. Box 12428<br>Austin, TX 78711 |
| US Department of Labor<br>Occupational Safety & Health Admin.<br>800 Dolorosa St., #203<br>San Antonio, TX 78207-4561 | U.S. Department of Labor<br>Occupation Safety & Health Adm<br>San Antonio District Office<br>Washington Square Blvd, #203<br>800 Dolorosa Street<br>San Antonio, TX 78207-4559 | Texas State Comptroller<br>Unclaimed Property Division<br>P.O. Box 12019<br>Austin, TX 78711-2019 |
| US Treasury<br>Defense Energy Support<br>8725 John Kingman Rd., #4950<br>Fort Belvoir, VA 22060-6222 | U. S. Dept of Transportation<br>Hazardous Materials Registration<br>1200 New Jersey Ave, SE<br>Washington, DC 20590 | Gary W. Wright<br>Assistant United States Attorney<br>601 N.W. Loop 410, #600<br>San Antonio, TX 78216<br>Fax: (210) 384-7358<br>gary.wright@usdoj.gov |

**NOTICES OF APPEARANCE**

| | | |
|---|---|---|
| Truth Resources LLP<br>William W. Cason<br>18000 Groschke Rd, Bldg A1<br>Houston, TX 77084<br>fax: 281-994-5410<br>bcason@apxww.com | Killam Oil Co., Ltd. and Texpata Pipeline<br>c/o Patrick H. Autry<br>Nunley Jolley Cluck Aelvoet LLP<br>1580 South Main St., #200<br>Boerne, TX 78006<br>fax: 830-816-3388<br>Email: pautry@texastriallaw.com | Comptroller of Public Accounts<br>c/o Jason A. Starks<br>Assistant Attorney General<br>Bankruptcy & Collections Div.<br>P.O. Box 12548<br>Austin, TX 78711-2548<br>fax: 512-482-8341<br>bk-jstarks@oag.state.tx.us |
| Suemaur Exploration and Production<br>c/o Scott J. Duncan<br>Porter Rogers Dahlman & Gordon, PC<br>800 N. Shoreline Blvd., #800S<br>Corpus Christi, TX 78401<br>fax: 361-880-5844<br>sduncan@prdg.com | Suemaur Exploration and Production, LLC<br>c/o John W. Harris<br>Law Offices of John Wallis Harris<br>Frost Bank Tower, #1452B<br>100 W. Houston St.<br>San Antonio, TX 78205<br>fax: 210-227-1035<br>jwharris@johnwharrislaw.com | M. Frank Russell<br>312 Westover Rd.<br>San Antonio, TX 78209<br>mfrussell777@att.net |
| Overland Contracting, Inc.<br>c/o Rhett G. Campbell<br>Mitchell E. Ayer<br>Thompson & Knight LLP<br>333 Clay St., #3300<br>Houston, TX 77002<br>fax: 713-654-1871<br>Rhett.Campbell@tklaw.com<br>Mitchell.Ayer@tklaw.com | T-C Oil Company<br>c/o Richard T. Chapman<br>Anderson, Smith, Null & Stofer, L.L.P.<br>One O'Connor Plaza, 7th Floor<br>P.O. Box 1969<br>Victoria, TX 77902<br>fax: 361-573-5288<br>rchapman@andersonsmith.com | Plains All American Pipeline<br>c/o Patricia Williams Prewitt<br>Law Offices of Patricia Williams Prewitt<br>412 E. Washington Ave.<br>Navasota, TX 77868<br>pwp@pattiprewittlaw.com |
| Plains All American Pipeline<br>c/o Andrew M. Caplan<br>Weycer Kaplan Pulaski & Zuber, PC<br>11 Greenway Plaza, #1400<br>Houston, TX 77046<br>acaplan@wkpz.com | Enduring Resources, LLC<br>c/o Randall L. Rouse<br>Lynch, Chappell & Alsup<br>300 North Marienfeld, #700<br>Midland, Texas 79701-4345<br>fax: 432-683-2587<br>rrouse@lcalawfirm.com | Gulfmark Energy, Inc.<br>c/o Michael S. Holmes, Esq.<br>Michael S. Holmes, P.C.<br>8100 Washington Ave., #120<br>Houston, TX 77007<br>fax: 713-956-6284<br>msholmes@cowgillholmes.com |
| Albert Glen Gonzalez<br>c/o Ronald Hornberger<br>Plunkett & Gibson, Inc.<br>70 NE Loop 410, #1100<br>San Antonio, TX 78216<br>fax: 210-734-0379<br>hornbergerr@plunkett-gibson.com | Bexar County<br>c/o David G. Aelvoet<br>Linebarger Goggan Blair & Sampson, LLP<br>711 Navarro, #300<br>San Antonio, TX 78205<br>fax: 210-225-6410<br>sanantonio.bankruptcy@publicans.com | Polaris Engineering<br>Polaris Construction<br>c/o Mike F. Pipkin<br>Sedgwick Detert Moran & Arnold LLP<br>1717 Main St., #5400<br>Dallas, TX 75201<br>fax: 469-227-8004<br>mike.pipkin@sdma.com |
| Diane Prier<br>8312 Ridgelea St.<br>Dallas, TX 75209-2626<br>fax: 214-350-7938<br>dprier@tx.rr.com | Taylor Central Appraisal District<br>c/o Lee Gordon<br>McCreary Veselka Bragg & Allen PC<br>P.O. Box 1269<br>Round Rock, TX 78680<br>fax: 512-323-3205<br>lgordon@mvbalaw.com | Nueces County and Live Oak CAD<br>c/o Diane W. Sanders<br>Linebarger Goggan Blair & Sampson<br>P.O. Box 17428<br>Austin, TX 78760-7428<br>fax: 512-443-5114<br>Austin.bankruptcy@publicans.com |

{L & B 12836/0001/L0453507.DOC}
2864923.12

Last Update: 3/24/11

| | | |
|---|---|---|
| Jeffrey A. Shadwick<br>Andrews Myers Coulter & Hayes<br>3900 Essex Ln., #800<br>Houston, TX 77027<br>fax: 713-850-4211<br>jshadwick@lawamc.com | Ryan, Inc.<br>c/o Bruce W. Akerly<br>Cantey Hanger, LLP<br>1999 Bryan St., #3300<br>Dallas, TX 75201<br>fax: 214-978-4150<br>bakerly@canteyhanger.com | El Paso Corporation<br>Attn: Michael J. McGinnis<br>1001 Louisiana, #1540B<br>Houston, TX 77002<br>fax: 713-420-6060<br>Michael.j.mcginnis@elpaso.com |
| IKON Financial Services<br>Attn: Maie Griner, Recovery Data Coordinator<br>Bankruptcy Administration<br>1738 Bass Rd<br>P.O. Box 13708<br>Macon, GA 31208-3708 | Mitsubishi Corporation<br>c/o Charles S. Kelley and Andres Romay<br>Mayer Brown LLP<br>700 Louisiana St., #3400<br>Houston, TX 77002-2730<br>fax: 713-238-4634<br>ckelley@mayerbrown.com<br>aromay@mayerbrown.com | Mitsubishi Corporation<br>c/o Andrew D. Shaffer<br>Mayer Brown LLP<br>1675 Broadway<br>New York, NY 10019<br>fax: 212-849-5828<br>ashaffer@mayerbrown.com |
| Shell Trading (US) Company<br>c/o Paul B. Turner<br>Sutherland Asbill & Brennan LLP<br>Two Houston Center<br>909 Fannin, #2200<br>Houston, TX 77010<br>fax: 713-654-1301<br>paul.turner@sutherland.com | Shell Trading (US) Company<br>c/o Mark D. Sherrill<br>Sutherland Asbill & Brennan LLP<br>1275 Pennsylvania Ave., NW<br>Washington, DC 20004<br>fax: 202-637-3593<br>mark.sherrill@sutherland.com | Dynamic Industries, Inc.<br>c/o Erica N. Beck<br>Jones, Walker, Waechter, Poitevent, Carrère & Denègre, L.L.P.<br>201 St. Charles Ave., #5100<br>New Orleans, LA 70170<br>fax: 504-589-8336<br>ebeck@joneswalker.com |
| Landcoast Insulation, Inc.<br>c/o Mark D. Goranson<br>GoransonKing, PLLC<br>550 Westcott, #415<br>Houston, TX 77007<br>fax: 713-526-9202<br>goranson@goransonking.com | Superior Crude Gathering and Bay, Ltd.<br>c/o Ronald A. Simank<br>Schauer & Simank, PC<br>615 N. Upper Broadway, #2000-MSC-159<br>Corpus Christi, TX 78477<br>fax: 361-884-2822<br>rsimank@cctxlaw.com | TCEQ<br>c/o E. Stuart Phillips<br>Assistant Attorney General<br>The Texas Attorney General's Office<br>P.O. Box 12548, MC-008<br>Austin, TX 78711-2548<br>fax: 512-482-8341<br>stuart.phillips@oag.state.tx.us |
| Glen Gonzalez and<br>AGE Transportation, Inc.<br>c/o Eric J. Taube and Morris D. Weiss<br>Hohmann Taube & Summers LLP<br>100 Congress Ave., 18th Fl.<br>Austin, TX 78701<br>erict@hts-law.com | SemCrude, L.P.<br>c/o Andrew R. Turner<br>CONNER & WINTERS, LLP<br>4000 One Williams Center<br>Tulsa, OK 74172-0148<br>fax (918) 586-8672<br>aturner@cwlaw.com | SemCrude, L.P.<br>c/o Bryan J. Wells<br>CONNER & WINTERS, LLP<br>1700 One Leadership Square<br>211 North Robinson<br>Oklahoma City, OK 74102-7101<br>fax (405) 232-2695 |
| Big Star LLP / Saint James Energy Operating, Inc.<br>c/o Robert K. Sugg<br>Oppenheimer, Blend, Harrison & Tate, Inc<br>711 Navarro, Sixth Floor<br>San Antonio, TX 78205<br>210 224 7540 (fax)<br>rsugg@obht.com. | Magnatex Pumps, Inc.<br>c/o John P. Melko<br>Gardere Waynne Sewell LLP<br>1000 Louisiana, #3400<br>Houston, TX 77002-5011<br>713 276 6727 (fax)<br>jmelko@gardere.com | Harlin Womble<br>Jordan, Hyden Womble<br>Culbreth & Holzer, P.C.<br>500 North Shoreline Dr. #900<br>Corpus Christi, TX 78471<br>hwomble@jhwclaw.com |

{L & B 12836/0001/L0453507.DOC}
2864923.12

Last Update: 3/24/11

| | |
|---|---|
| Harry P. Susman | Mark A. Mintz |
| Susman Godfrey, LLP | Jones Walker Waechter |
| 1000 Louisiana, Suite 5100 | Poitevent Carrere & Denegre LLP |
| Houston, TX 77002 | 201 St. Charles Ave. 49th Floor |
| hsusman@susmangodfrey.com | New Orleans, LA 70170-5100 |

Sam Drugan
Warren, Drugan & Barrows, PC
800 Broadway
San Antonio, TX 78215

{L & B 12836/0001/L0453507.DOC}
2864923.12