# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE WESTERN DISTRICT OF TEXAS
# SAN ANTONIO DIVISION

| | | |
|---|---|---|
| IN RE: | § | Chapter 11 |
| | § | |
| AGE REFINING, INC., | § | Case No. 10-50501-LMC |
| | § | |
| Debtor | § | |
| | § | |

## SECOND SUPPLEMENT TO TRUSTEE'S MOTION FOR ENTRY OF ORDER AUTHORIZING AND APPROVING THE SALE OF CERTAIN OF THE DEBTOR'S ASSETS FREE AND CLEAR OF ALL LIENS, CLAIMS AND ENCUMBRANCES OUTSIDE THE ORDINARY COURSE OF BUSINESS
[Relates to Docket No. 879]

TO THE HONORABLE LEIF M. CLARK,
UNITED STATES BANKRUPTCY JUDGE:

COMES NOW Eric J. Moeller, the Chapter 11 Trustee ("Trustee"), in the above captioned case hereby files this Second Supplement to his Motion for Entry of Order Authorizing and Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims and Encumbrances Outside the Ordinary Course of Business and to Assume and Assign Certain Executory Contracts and Unexpired Leases (the "Second Supplement") and would respectfully represent to the Court as follows:

1. On December 21, 2010, this Court entered its *Order (A) Approving the Procedures for Soliciting Offers for Substantially All of the Estate's Assets; (B) Approving the Form and Manner of Notice; (C) Authorizing the Trustee to Conduct an Auction to Determine the Highest and Best Offer; (D) Approving the Procedures for Determining Cure Amounts for Assumed Contracts and Leases; and (E) Granting Related Relief* (Docket No. 758) (the "Bid Procedures Order").

2. On March 15, 2011, this Court entered its *Amended Order (A) Approving the Procedures for Soliciting Offers for Substantially All of the Estate's Assets; (B)*

DAL:797691.6

*Approving the Form and Manner of Notice; (C) Authorizing the Trustee to Conduct an Auction to Determine the Highest and Best Offer; (D) Approving the Procedures for Determining Cure Amounts for Assumed Contracts and Leases; and (E) Granting Related Relief* (Docket No. 870) (the "Amended Bid Procedures Order"),[1] approving Revised Bid Procedures and providing the Trustee additional flexibility in dealing with a number of proposed purchasers who had expressed different concepts and structures for the purchase of the Debtor's Assets. Significant changes to the Original Bid Procedures were made pursuant to the Amended Bid Procedures Order. Pursuant to the Revised Bid Procedures, any bids for the Assets had to be received by the Trustee on or before March 29, 2011. In addition, as set forth in Section B.5 of the Revised Bid Procedures approved by Order of this Court, the Trustee was given the authority to designate a Designated Purchaser and not conduct an auction. Section B.5 of the Revised Bid Procedures provides that the "Trustee, after consulting with his professionals, the Committee and the Lenders, may determine to enter into negotiations with one potential buyer ("Designated Purchaser"), and proceed to seek Bankruptcy Court approval in either a Stand-Alone Hearing or Plan Confirmation, without proceeding to a formal Auction as set forth in section C and D, below." [2]

       3.      After pursuing all alternatives to market the Debtor's assets in a manner that maximizes the value of the Debtor's estate, the Trustee and his professionals determined that it was in the best interests of the Debtor's estate to proceed with a sale to a Designated Purchaser. On March 29, 2011, Global Hunter Securities, LLC sent notice to all potential bidders that a Designated Purchaser had been chosen. A copy of the notice

---

[1] Terms not otherwise defined herein shall have the meaning ascribed to them in the Amended Bid Procedures Order.
[2] Sections C and D refer to the Admission to the Auction and the Auction Process.

is attached hereto as *Exhibit A*. In this notice, the Trustee indicates that "[P]ursuant to Section B-5 of AGE Refining Inc.'s Notice of Auction and Revised Bid Procedures, the Trustee, after consulting with his professionals, has determined to enter into exclusive negotiations with one potential buyer (the "Designated Purchaser") and will seek Bankruptcy Court approval for an asset sale to the Designated Purchaser, without proceeding to a formal Auction."

4. On April 1, 2011, the Trustee filed his *Motion for Entry of Order Authorizing and Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims and Encumbrances Outside the Ordinary Course of Business and to Assume and Assign Certain Executory Contracts and Unexpired Leases* (Docket No. 879) (the "Sale Motion"). Exhibit A to the Sale Motion is the letter of intent that sets forth the salient deal terms with the undisclosed Designated Purchaser. In the Sale Motion, the Trustee clearly states that he is proceeding to a sale hearing with the Designated Purchaser. Paragraph 22 of the Sale Motion specifically states that "after pursuing all alternatives to market the Debtor's assets in a manner that maximizes the value of the Debtor's estate, the Trustee and his professionals have determined that it is in the best interest of the Debtor's estate to proceed with a sale to a designated purchaser."

5. The Trustee served the Sale Motion on the Limited Service List as approved by the Court, and served a Notice of Filing of the Sale Motion and Notice of Hearing on all parties in interest. To date, the Trustee has not received other offers since the filing of the Sale Motion. Furthermore, only two objections were received to the Sale Motion. These objections relate to (i) the Department of Justice's objection to the assignability of certain executory contracts and (ii) Texas Crane's request for

3

confirmation that a small administrative claim would be paid. The Trustee anticipates that these objections will be resolved. No objections have been filed regarding the merits of the sale.

6. On April 11, 2011, the Court held a status conference on the Sale Motion and the Trustee filed his *Supplement to his Motion for Entry of Order Authorizing and Approving the Sale of Certain of the Debtor's Assets Free and Clear of All Liens, Claims and Encumbrances Outside the Ordinary Course of Business and to Assume and Assign Certain Executory Contracts and Unexpired Leases* (Docket 901) (the "Sale Motion Supplement"), identifying the name of the Designated Purchaser and, *inter alia*, providing the executed Asset Purchase Agreement.

7. As provided for in the Amended Bid Procedures Order, NuStar Refining, LLC ("NuStar") was selected as the Designated Purchaser. It is the Trustee's understanding for NuStar that their offer was significantly (over $10 million) higher than it would have been if it had not been accorded the Designated Purchaser status.

8. Accordingly, as authorized by this Court, the Trustee identified NuStar as the Designated Purchaser, and wants to confirm that it is seeking to move forward with the sale to NuStar at the hearing scheduled on April 14, 2011.[3] *See* The Amended Bid Procedures Order, ¶3(d).

9. The Trustee and NuStar are concerned that certain statements made on the Court record at the status conference may have been confusing, including references to NuStar as a "stalking-horse bidder" and indicating that an auction (rather than a sale approval hearing) would take place on April 14.

---

[3] While the Trustee understands that the Court may consider "higher and better offers," the Trustee wants to be clear that he is supporting the offer from NuStar and believes it is the best offer and maximizes the value of the Debtor's estate.

4

10. By this Second Supplement, the Trustee confirms that it is selling the Debtor's assets to NuStar pursuant to the terms of the Amended Bid Procedures Order. The Trustee and his professionals determined to consummate a sale to a Designated Purchaser (as opposed to an auction) because, in the reasonable exercise of his business judgment, a sale to a Designated Purchaser maximizes the value of the Debtor's estate by bringing forth a certain purchase price substantially in excess of any other bids or offers received the prior two separate times that bids were formally solicited. Upon information and belief, the Trustee believes that NuStar is not willing to offer $41 million at an auction and NuStar's offer reflects a premium in return for the increased certainty afforded by being declared the Designated Purchaser. The Trustee also believes that declaring NuStar the Designated Purchaser per the Amended Bid Procedures Order will result in a quicker closing while maximizing the recovery for the creditors. Along these lines, NuStar has offered and the Trustee has agreed to close the sale as early as Tuesday, April 19, 2011 (but no later than Thursday, April 21, 2011), upon entry of an order approving the Sale on April 14, 2011.[4]

11. The Trustee believes an auction would likely have resulted in bids below the current purchase price, which in turn would have reduced recoveries to the creditors. As such, the Trustee confirms his intention that the April 14 sale hearing is a Stand-Alone Hearing to consider the sale per the Amended Bid Procedures Order to NuStar.

12. Accordingly, the Trustee respectfully requests that this Court proceed per the Amended Bid Procedures Order with a Sale to NuStar at the hearing on April 14, 2011. If a sale of the Assets to NuStar is not approved on April 14, 2011, NuStar has the

---

[4] Under the Asset Purchase Agreement and Sale Motion, the sale was scheduled to close on April 21, 2011.

ability to terminate the Asset Purchase Agreement which may result in the loss of the sale of the Assets or a sale at a significantly reduced price.

13. All interested parties have had extensive opportunities to conduct due diligence and submit offers pursuant to the Original Bid Procedures and the Revised Bid Procedures, in addition to filing an objection to the Sale Motion. It should be noted, however, that no competing offers have been received by the Trustee since the filing of the Sale Motion (which attached the letter of intent from NuStar outlining the economic terms of its offer to purchase). Prior to designating NuStar as the Designated Purchaser, the Trustee provided sufficient opportunity and information to other interested persons consistent with his fiduciary duties. The Trustee continues to support the sale to NuStar as the Designated Purchaser and recognizes that NuStar relied upon its status as a Designated Purchaser in submitting its bid and expects to buy the Debtor's assets as the Designated Purchaser in a Stand-Alone Sale pursuant to the Amended Bid Procedures Order.

WHEREFORE, PREMISES CONSIDERED, the Trustee requests approval of this Court (i) to sell the Assets to the Designated Purchaser and (ii) such other relief as is appropriate.

Dated: April 12, 2011

> Respectfully submitted,
>
> LANGLEY & BANACK, INCORPORATED
> 745 E. Mulberry, Suite 900
> San Antonio, TX 78212
> Telephone: (210) 736-6600
> Facsimile: (210) 735-6889
>
> By:    */s/ David S. Gragg*
>       DAVID S. GRAGG
>       State Bar No. 08253300
>       STEVEN R. BROOK
>       State Bar No. 03042300
>       NATALIE F. WILSON
>       Hawaii Bar No. 8852
>       Admitted *pro hac vice*
>       ALLEN M. DeBARD
>       State Bar No. 24065132
>
> **GENERAL COUNSEL TO THE CHAPTER 11 TRUSTEE**

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above and foregoing Second Supplemental Motion was served on those parties on the Limited Service List through the Court's electronic case filing system and/or by first class mail, postage prepaid, on this 12th day of April 2011.

> */s/ David S. Gragg*
> David S. Gragg

# EXHIBIT "A"

# David S. Gragg

| | |
|---|---|
| From: | Jenna Wittig [jwittig@ghsecurities.com] |
| Sent: | Tuesday, March 29, 2011 3:31 PM |
| To: | Michael Schmidt |
| Subject: | *AGE Refining Notice* |
| Attachments: | image001.png; (Doc. 847) Motion to Modify Bid Procedures Order (w-EX A) (L0500300).pdf |



**TUESDAY, MARCH 29, 2011**

Pursuant to Section B-5 of AGE Refining Inc.'s ("AGE") Notice of Auction and Revised Bid Procedures (attached for your convenience), the Trustee, after consulting with his professionals, has determined to enter into exclusive negotiations with one potential buyer (the "Designated Purchaser") and will seek Bankruptcy Court approval for an asset sale to the Designated Purchaser, without proceeding to a formal Auction.

AGE intends to file a motion shortly requesting an expedited hearing to approve a sale to the Designated Purchaser. Upon filing this motion, the name of the Designated Purchaser and the terms of the sale will become public.

We would like to thank you for your dedication and interest in AGE throughout this process. Global Hunter can field any questions you may have regarding this process and will disseminate more detailed information regarding the final sale as it become available.

Best Regards,

**GLOBAL HUNTER SECURITIES, LLC**

Global Hunter Securities archives and reviews outgoing and incoming email. Please read our full disclaimer at:
http://www.ghsecurities.com/pages/Email_Disclaimer.aspx