**UNITED STATES BANKRUPTCY COURT**
**WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **In re:** | § | **Chapter 11** |
| | § | |
| | § | |
| **AGE REFINING, INC.,** | § | **Case No. 10-50501-LMC** |
| | § | |
| **Debtor** | § | |
| | § | |

**JOINT APPLICATION TO APPROVE COMPROMISE AND SETTLEMENT**
**OF ADMINISTRATIVE CLAIM OF**
**ANDREWS TRANSPORT LP**

> THIS PLEADING REQUESTS RELIEF THAT MAY BE ADVERSE TO YOUR INTERESTS.
>
> IF NO TIMELY RESPONSE IS FILED WITHIN TWENTY-ONE (21) DAYS FROM
> THE DATE OF SERVICE, THE RELIEF REQUESTED HEREIN MAY BE GRANTED WITHOUT A HEARING BEING HELD.
>
> A TIMELY FILED RESPONSE IS NECESSARY FOR A HEARING TO BE HELD.

TO THE HONORABLE LEIF M. CLARK,
UNITED STATES BANKRUPTCY JUDGE:

COME NOW Eric J. Moeller, the Chapter 11 Trustee (the "Trustee") and Andrews Transport LP ("Andrews" and together with the Trustee, the "Parties") and file their *Joint Application to Approve Compromise and Settlement* (the "Application") and would respectfully show the Court as follows:

**Background**

1.      This is a core proceeding over which the Court has jurisdiction under 28 U.S.C. § 157(b). The statutory predicate for relief is Rule 9019 of the Federal Rules of Bankruptcy Procedure.

2.      This Court has jurisdiction over this Motion under 28 U.S.C. §§ 157 and 1334. This matter is a core proceeding within the meaning of 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3.      On February 8, 2010, (the "Petition Date"), the Debtor filed a voluntary petition in this Court for relief under chapter 11 of the Bankruptcy Code.

4.      On or about March 17, 2010, the United States Trustee appointed a Committee of Unsecured Creditors (the "Committee").

5.      On or about June 16, 2010, the Court entered an agreed order authorizing the appointment of a Chapter 11 Trustee. On or about July 6, 2010, the Court entered an order appointing Eric J. Moeller as Chapter 11 Trustee.

6.      On or about June 13, 2011, the Trustee filed a motion to set the bar date for administrative claims as August 1, 2011 [Docket No. 1020]. The Court signed an Order setting the bar date for filing administrative claims as August 1, 2011 [Docket No. 1041].

7.      The Trustee has received a number of administrative expense claims. Andrews timely filed an administrative expense claim on July 25, 2011 in the amount of $41,480.27 for environmental and safety support charges incurred from March 29, 2011 to April 18, 2011. See Claim Register, Claim #159-1.

8.      The Parties have agreed to compromise and settle their dispute as follows: The Trustee and Andrews hereby stipulate and agree that Andrews shall be allowed an administrative claim in the aggregate amount of forty-one thousand dollars ($41,000.00). Payment will be tendered from the estate to Andrews within five (5) days of entry of the Order approving the Application.

2

## Relief Requested

9.     The settlement is in the best interest of the estate and has been reached after arms-length negotiations among the Trustee and Andrews. In support thereof, the Parties would assert that the requisites for approval of a compromise and settlement as established by *Jackson Brewing Co. v. Herpel*, 624 F.2d 599, 602 (5th Cir. 1980) have been met.

10.     The Court has discretionary authority to approve the compromise of a controversy pursuant to Fed. R. Bankr. P. 9019(a). *See Protective Comm. of Stockholders of TMT Trailer Ferry, Inc. v. Anderson*, 390 U.S. 414, 424 (1968), on remand, *TMT Trailer Ferry, Inc. v. Kirkland*, 471 F2d 10 (5th Cir. 1972); *Continental Airlines, Inc. v. Air Line Pilot's Ass'n Int'l. (In re Continental Airlines, Inc.)*, 907 F.2d 1500, 1508 (5th Cir. 1990). A debtor may compromise claims in the administration of the estate with the approval of the court, after notice and hearing. Fed. R. Bankr. P. 9019(a). Whether to approve a compromise is a matter within the sound discretion of the bankruptcy court. *See In re Aweco, Inc.*, 725 F.2d 293 (5th Cir. 1984); *Am. Employers Ins. Co. v. King Res. Co.*, 556 F.2d 471 (10th Cir. 1977).

11.     Courts have considered certain factors in determining the reasonableness of a settlement agreement. *See Protective Comm.*, 390 U.S. at 424-25; *In re Emerald Oil Co.*, 807 F.2d 1234 (5th Cir. 1987); *Jones v. Cage (In re W.J. Servs. Inc.)*, 140 B.R. 190, 191 (S.D. Tex. 1991). These factors seek to balance the risks and benefits associated with pursuing a potential claim against the costs associated with the proposed settlement and are as follows in this case:

a) <u>The probability of success in litigation.</u> Each of the Parties believes it would be successful in litigating the disputes between them.

b) <u>The difficulty in collecting any judgment that may be obtained.</u> This is a significant factor in this case. While the size of the estate is not completely known at this time, it is probable that administrative claimants will be paid some portion of the total claim.

c) <u>The complexity of the litigation involved, and the expense, inconvenience, and delay necessarily attendant to it.</u> The legal issues arising in the litigation are complex. Litigation of these issues would be costly and time consuming. The amounts in controversy do not support protracted and expensive litigation.

d) <u>The interests of creditors and a proper deference to their reasonable views.</u> A copy of this Application is being mailed to all interested parties entitled to receive notice. The Parties believe that this settlement is in the best interest of all creditors because it preserves assets for funding the Plan and payment of other administrative claims and creditors.

12. The underlying issues require the development of a substantial factual record and complicated legal issues. Litigating these issues would require a substantial investment of time and resources by the parties relative to the amounts in controversy. In these circumstances, litigating this matter is not a good use of the Parties' resources.

13. Finally, if an evidentiary hearing on the merits of all disputes were conducted, the Parties hereto will likely expend thousands of dollars in attorney's fees and costs, absent a settlement.

14. Given the likelihood of success on the merits and the risks and

ineffeciencies of litigation, the proposed settlement is in the best interest of all parties; therefore, the proposed compromise and settlement should be approved as being in the best interest of the estate.

WHEREFORE, PREMISES CONSIDERED, the Parties respectfully pray the application to compromise and settle the matters as set forth above be approved; the Court enter an order finding that such settlement agreements are in the best interest of the estate and its creditors, and authorizing the Parties to execute all documents necessary to consummate the proposed compromise and settlement. Movants further pray for such other and further relief, at law or in equity, as is just and proper.

Dated: August 19, 2011.

Respectfully submitted,

| /s/ Allen M. DeBard | /s/ Jerry A. Gibson |
|---|---|
| David S. Gragg – State Bar No. 08253300 | Jerry A. Gibson – State Bar No. |
| Allen M. DeBard – State Bar No. 24065132 | |
| | PLUNKETT & GIBSON, INC. |
| LANGLEY & BANACK, INC. | 70 N.E. Loop 410, Suite 1100 |
| 745 East Mulberry, Suite 900 | San Antonio, TX 78216 |
| San Antonio, TX 78212 | (210) 734-7092 |
| (210) 736-6600 | (210) 734-0379 (facsimile) |
| (210) 735-6889 (facsimile) | |
| | |
| COUNSEL FOR THE CHAPTER 11 TRUSTEE | COUNSEL FOR ANDREWS TRANSPORT LP |

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document was served by U.S. Mail, first class, postage pre-paid on the parties listed on the limited service list and/or by electronic means for all Pacer system participants on this 19th day of August, 2011.

/s/ *Allen M. DeBard*
Allen M. DeBard

***In re Age Refining, Inc.***
USBC Case No. 10-50501

Age Refining, Inc.
Attn: Eric Moeller, Trustee

Mark E. Andrews
Aaron M. Kaufman
Cox Smith Matthews Incorporated
1201 Elm St., #3300
Dallas, TX 75270

**Limited Service List**

JP Morgan Chase Bank, N.A.
Attn: Courtney J. Jeans
2200 Ross Ave., 9th Fl
Dallas, TX 75201

Chase Capital Corporation
Attn: W. Robert Felker
10 S. Dearborn St., #IL1-5048
Chicago, IL 60603

American Express
P.O. Box 650448
Dallas, TX 75265-0448

City Public Service
P.O. Box 2678
San Antonio, TX 78289-0001

Dresser Rand
P.O. Box 7247-6149
Philadelphia, PA 19170-6149

Gaither Petroleum Corporation
18000 Groeschke Rd, #A1
Houston, TX 77084

Aurelie Magnuson
Genesis Crude Oil LP
919 Milam, #2100
Houston, TX 77002

Juanita Proctor
Gulfmark Energy Inc.
P.O. Box 844
Houston, TX 77001-0844

Killam Oil Co. Ltd.
P. O. Box 499
Laredo, TX 78042-0499

Legend Natural Gas II, LP
410 W. Grand Pkwy South, #400
Katy, TX 77494

O.G.O. Marketing LLC
4560 Salt Flat Rd.
Luling, TX 78648

Bob Frendt
Overland Contracting, Inc.
P.O. Box 803823
Kansas City, MO 64180-3823

Plains Marketing LP
Attn: Legal Dept.
P.O. Box 4648
Houston, TX 77210

Repcon, Inc.
P.O. Box 9316
Corpus Christi, TX 78469

SemCrude, LP
Two Warren Pl.
Tulsa, OK 74136-4216

Donald Gormley
Shell Trading (US) Company
Two Houston Center
909 Fannin Street
Houston TX 77010-1014

Jim Devlin
Suemaur Exploration
802 N. Carancahua, #1000
Corpus Christi, TX 78470

Jane Helm
Superior Crude Gathering, Inc.
P.O. Box 260784
Corpus Christi, TX 78426-0784

Trammo Petroleum
1111 Bagby, #1920
Houston, TX 77002

Internal Revenue Service
P.O. Box 21126
Philadelphia, PA 19114

~~Defense Energy Support Center~~
~~Attn: Matthew Shuster~~
~~Contracting Ofcr.~~
~~8725 John J. Kingman Rd., #4950~~
~~Fort Belvoir, VA 22060~~

Caroline ChienAssistant Counsel
Defense Energy Support Center
8725 John J. Kingman Rd, #1565
Fort Belvoir, VA 22060-6222

Railroad Commission of TX
Enforcement/Bankruptcy
P.O. Box 12967
Austin, TX 78711-2967

& B 12836/0001/L0514173.DOC/

| | | |
|---|---|---|
| EPA Washington Acctg Operations<br>Environmental Protection Agency<br>Fountain Place 12th Fl., #1200<br>1445 Ross Avenue<br>Dallas, TX 75202-2733 | HUBZone Empowerment Contracting Prog<br>US Small Business Admin<br>405 3rd St., SW<br>Washington, DC 20416 | Texas Dept. of Licensing & Regulations<br>P.O. Box 12157<br>Austin, TX 78711 |
| TCEQ<br>14250 Judson Rd.<br>San Antonio, TX 78233-4480 | Texas Commission on Environmental<br>Quality<br>P.O. Box 13089<br>Austin, TX 78711-3089 | Texas State Board of Public Accts<br>333 Guadalupe<br>Tower III, #900<br>Austin, TX |
| TX Dept. of State Health Services<br>P.O. Box 12190<br>Austin, TX 78711-2190 | TX Dept. of State Health Services<br>Asbestos Notification Program<br>P.O. Box 149347<br>Austin, TX 78714-9347 | US Department of Labor<br>Occupational Safety & Health Admin.<br>800 Dolorosa St., #203<br>San Antonio, TX 78207-4561 |
| TXDOT<br>Aviation Division<br>P.O. Box 5020<br>Austin, TX 78763-5020 | Texas Enterprise Zone<br>Aaron Demerson, Ofc of Governor<br>Economic Dev. & Tourism<br>P.O. Box 12428<br>Austin, TX 78711 | US Treasury<br>Defense Energy Support<br>8725 John Kingman Rd., #4950<br>Fort Belvoir, VA 22060-6222 |
| Texas State Comptroller<br>111 E 17th St.<br>Austin, TX 78774-0100 | Texas State Comptroller<br>Unclaimed Property Division<br>P.O. Box 12019<br>Austin, TX 78711-2019 | U. S. Dept of Transportation<br>Hazardous Materials Registration<br>1200 New Jersey Ave, SE<br>Washington, DC 20590 |
| Gary W. Wright<br>Assistant United States Attorney<br>601 N.W. Loop 410, #600<br>San Antonio, TX 78216 | dii Industries Services, LLC<br>Attn: Marc D. Moroux<br>600 Jefferson St., #1400<br>Lafayette, LA 70501 | Harry P. Susman<br>SUSMAN GODFREY, L.L.P.<br>1000 Louisiana, Suite 5100<br>Houston, TX 77002 |
| M. Frank Russell<br>312 Westover Rd.<br>San Antonio, TX 78209 | Plains All American Pipeline<br>c/o Patricia Williams Prewitt<br>Law Offices of Patricia Williams Prewitt<br>412 E. Washington Ave.<br>Navasota, TX 77868 | Plains All American Pipeline<br>c/o Andrew M. Caplan<br>Weycer Kaplan Pulaski & Zuber, PC<br>11 Greenway Plaza, #1400<br>Houston, TX 77046 |
| Diane Prier<br>8312 Ridgelea St.<br>Dallas, TX 75209-2626 | IKON Financial Services<br>Attn: Maie Griner, Recovery Data<br>Coordinator, Bankruptcy Administration<br>1738 Bass Rd / P.O. Box 13708<br>Macon, GA 31208-3708 | T-C Oil Company<br>Attn: Bland Proctor<br>427 FM 774<br>Refugio, TX 78377 |
| Big Star Gathering, LLP<br>Attn: James L. Jensen<br>11177 Eagle View Dr., #150<br>Sandy, UT 84092 | Truth Resources, L.P.<br>Attn: John M. Fetzer<br>440 Louisiana, #900<br>Houston, TX 77002 | El Paso Corporation<br>Attn: Michael J. McGinnis<br>1001 Louisiana, #1540B<br>Houston, TX 77002 |

Mitsubishi Corporation
c/o Andrew D. Shaffer Mayer Brown LLP
1675 Broadway
New York, NY 10019

Shell Trading (US) Company
Sutherland Asbill & Brennan LLP
Two Houston Center
909 Fannin, #2200
Houston, TX 77010

Landcoast Insulation, Inc.
c/o Mark D. Goranson
GoransonKing, PLLC
550 Westcott, #415
Houston, TX 77007

SemCrude, L.P.
c/o Andrew R. Turner
CONNER & WINTERS, LLP
4000 One Williams Center
Tulsa, OK 74172-0148

SemCrude, L.P.
c/o Bryan J. Wells
CONNER & WINTERS, LLP
1700 One Leadership Square
211 North Robinson
Oklahoma City, OK 74102-7101

TCEQ
c/o E. Stuart Phillips
The Texas Attorney General's Office
P.O. Box 12548, MC-008
Austin, TX 78711-2548

Robin Russell
Chasless L. Yancy
Andrews KurthLLP
600 Travis Ste. 4200
Houston, TX 77002

Lou Talarico
c/o William B. Kingman
4040 Broadway, Suite 450
San Antonio, Texas 78209

B-Line, LLC
Steven Kane
P.O. Box 91121, Dept. 550
Seattle, WA 98111-9221

& B 12836/0001/L0514173.DOC/