IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AGE REFINING, INC., | § | Case No. 10-50501 |
| | § | |
| Debtor. | § | |

**BIG STAR GATHERING LTD, LLP'S OBJECTION TO JOINT MOTION
UNDER BANKRUPTCY RULE 9019 TO APPROVE
SETTLEMENT AGREEMENT BETWEEN THE
LIQUIDATING TRUSTEE AND PEMEX EXPLORACIÓN Y PRODUCCIÓN**

TO THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

COMES NOW, Big Star Gathering Ltd, L.L.P. ("Big Star") and files this Objection to the Joint Motion under Bankruptcy Rule 9019 to Approve Settlement Agreement between the Liquidating Trustee and Pemex Exploración y Producción and for its Objection respectfully shows the Court as follows:

## I.
## FACTUAL BACKGROUND

1. On February 8, 2010 (the "Petition Date"), AGE Refining, Inc. (the "Debtor" or "AGE") filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code.

2. On March 2, 2010, Big Star filed its Notice of §546 Reclamation Claim [Docket No. 112] and on April 15, 2010, Big Star filed its Twenty Day Claim Form [Docket No. 206].

3. The United States Trustee appointed an Official Committee of Unsecured Creditors on March 17, 2010, [Docket No. 138]. On July 6, 2010, the Bankruptcy Court entered an Order appointing Eric J. Moeller as the Chapter 11 Trustee.

985805.1/SPSA/52984/0102/031312

4.      On May 5, 2011, PEMEX Exploración y Producción ("PEMEX") filed its Motion for Order Allowing Late Filed Claim in which PEMEX sought leave to file a late proof of claim for allegedly stolen natural gas condensate received by AGE Refining, Inc. [Docket. No. 952].

5.      On September 27, 2011, the Court issued an Order Granting PEMEX's Motion for Order Allowing Late Filed Claim. [Docket No. 1287].

6.      The Third Amended Disclosure Statement Regarding the Trustee's Chapter 11 Plan of Reorganization for AGE Refining, Inc. was filed on November 15, 2011 (the "Disclosure Statement") [Docket No. 1394].

7.      The Fourth Amended Chapter 11 Plan of Reorganization for AGE Refining, Inc. (the "Plan") [Docket No. 1459] was confirmed by the Court on December 14, 2011 (the "Confirmation Order") [Docket No. 1460]. The Effective Date of the Plan occurred on January 20, 2012.

8.      On February 2, 2012, the Liquidating Trustee and PEMEX filed their Joint Motion under Bankruptcy Rule 9019 to Approve Settlement Agreement (the "PEMEX Settlement Motion") [Docket No. 1530]. Pursuant to the settlement agreement the Liquidating Trustee is attempting to assign all of AGE's rights and claims against third parties, including any claims of contribution, indemnity, warranty of title, or the like, relating to the allegedly stolen hydrocarbons (collectively the "Potential Causes of Action") to PEMEX, in exchange for PEMEX's release of all claims against AGE (the "PEMEX Settlement Agreement").

9.      On January 27, 2012, in *PEMEX Exploración y Producción v. BASF Corp. et al.* and *PEMEX Exploración y Producción v. Big Star Gathering Ltd L.L.P*; In

the United States District Court for the Southern District of Texas, Houston Division, Civil Action Nos. 4:10-cv-01997 and 4:11-cv-02019 ("Southern District Litigation"), PEMEX filed its Motion for Leave to file its Fourth Amended Complaint to add the causes of action that are subject of the PEMEX Settlement Agreement, including claims that AGE purportedly has against Big Star.

## II.
## ARGUMENTS AND AUTHORITIES

**A.     The Trustee Does Not Have an Interest in the Potential Causes of Action.**

10.     The Liquidating Trustee does not have an interest in the Potential Causes of Action and therefore has no standing or right to assign the claims. "[A]fter confirmation of a plan, the ability of the debtor to enforce a claim once held by the estate is limited to that which has been retained in the [bankruptcy] plan." *Dynasty Oil & Gas, L.L.C. v. Citizens Bank (In re United Operating, L.L.C.)*, 540 F.3d 351, 355 (5th Cir. 2008). "For a debtor to preserve a claim, the plan must expressly retain the right to pursue such actions. The reservation must be specific and unequivocal." *Id.* (citations and internal quotation marks omitted).

11.     Neither the Plan nor the Disclosure Statement retains any interests or rights in the Potential Causes of Action. The Confirmed Plan fails to meet the "specific" and "unequivocal" standard set forth by the Firth Circuit in *In re United Operating, L.L.C.* Section 5.8 entitled "Preservation of Rights of Action" provides, in relevant part:

> Except as otherwise provided in the Plan, the Confirmation Order, or the Plan Supplement, and in accordance with section 1123(b) of the Bankruptcy Code, on the Effective Date, the Liquidating Trust shall hold all Litigation Rights including the Gonzalez Litigation that the Estate or Trustee may hold against any Person. The Liquidating Trustee shall retain and may enforce, sue on, settle or compromise

-3-

> (or decline to do any of the foregoing) all such Litigation Rights.

(*See* Docket No. 1459 § 5.8.) AGE's confirmed Plan defines the term "Litigation Rights" as:

> the claims, rights of action, suits or proceedings, whether at law or equity, whether known or unknown that the Debtor, the Trustee, or the Estate may hold against any Person, including, without limitation, claims or causes of action arising under or pursuant to Chapter 5 of the Bankruptcy Code and any claims for insurance reimbursement.

(*Id.* at §1.2.) The Plan fails to identify the Potential Causes of Action, fails to identify Big Star as a potential defendant, fails to provide a description of the nature of AGE's potential claims against Big Star, fails to identify the legal basis for those claims, and fails to state that the claims will in fact be pursued. Likewise, the Disclosure Statement fails to identify the Potential Causes of Action. In addition, the Plan and Disclosure Statement do not preserve the Potential Causes of Action under either a specific code provision or a category of claims that is specifically described. Notably, while Section 5.8 of the Plan does specifically identify certain causes of action that AGE intends to preserve, including the names of defendants as well as the factual and legal basis for those claims, the Plan is silent as to the Potential Causes of Action. (*See* Docket No. 1459 § 5.8.)

    12. As the Potential Causes of Action are not identified in the Plan or the Disclosure Statement, they could only fall under the generic, blanket language, which courts in the Fifth Circuit have repeatedly held is insufficient to preserve a cause of action. *See In re United Operating, L.L.C.*, 540 F.3d at 356 (holding that blanket reservation of "any and all claims" arising under the Bankruptcy Code with no mention

of the common law claims related to maladministration of the estate was insufficient to preserve such claims); *Crescent Res. Litig. Trust v. Burr ( In re Crescent Res.)*, 463 B.R. 423 at 430 (Bankr.W.D.Tex 2011)(noting that the Fifth Circuit has held that a blanket reservation of claims under the [Bankruptcy] Code and specific reservations of [Bankruptcy] Code provisions was not a specific and unequivocal reservation of a common law claim); *In Blue Water Endeavors, LLC v. AC & Sons, Inc. (In re Blue Water Endeavors, LLC)*, 2011 WL 52525 at *4 (Bankr.E.D.Tex. Jan. 6, 2011) "The use of generic language that merely reserves 'any and all claims' held by the debtor or that simply revests all estate property without detail is insufficient to accomplish retention under § 1123(b)(3)(B)."; *Ice Cream Liquidation, Inc. v. Calip Dairies, Inc. (In re Ice Cream Liquidation, Inc.)*, 319 B.R. 324, 333-34 (Bankr. D. Conn. 2005) (holding that the phrase "any and all claims" related to "Chapter 5 litigation" was insufficient to satisfy the "specific and unequivocal" language requirement). Because AGE has failed to specifically and unequivocally retain the Potential Causes of Action the Liquidating Trustee lacks the right or standing to assign those claims to PEMEX.

13. Moreover, bankruptcy proceedings are inherently equitable. A bankruptcy court is a court of equity with broad equitable powers. *In re Exquisito Services, Inc.*, 823 F.2d 151 (5th Cir. 1987). It would be an inequitable result if the Liquidating Trustee is allowed to assign claims in which AGE has no interest in or standing to enforce, when the result will be that Big Star is forced to expend significant resources to defend itself against meritless litigation.

**B.  Assignment Is Barred by the *Res Judicata* Effect of the Confirmed Plan.**

985805.1/SPSA/52984/0102/031312

14. The assignment to PEMEX of the Potential Causes of Action is barred by the *res judicata* effect of the confirmed Plan. For *res judicata* to apply, the following four elements must be met: (1) identical parties; (2) a court of competent jurisdiction rendered the prior judgment; (3) there must have been a final decision on the merits; and (4) the same cause of action is involved. *See Spicer v. Laguna Madre Oil & Gas II, L.L.C. (In re Texas Wyoming Drilling, Inc.)*, 647 F.3d 547, 553 (5th Cir. 2011); *Republic Supply Co. v. Shoaf (In re Shoaf)*, 815 F.2d 1046, 1051 (5th Cir. 1987). All are present in this case.

15. The parties implicated in the proposed assignment and settlement agreement include Big Star, PEMEX and AGE, who were all parties in this case when the Confirmation Order was entered.

16. As set forth in the Confirmation Order, this Court had jurisdiction over confirmation of the Plan. The order confirming the plan is a final judgment for purposes of *res judicata*. *See In re Texas Wyoming Drilling, Inc.*, 647 F.3d at 553 (citing *Eubanks v. FDIC*, 977 F.2d 166, 170 (5th Cir. 1992)); *see also In re Shoaf*, 815 F.2d at 1051, 1053 (holding that a bankruptcy order confirming a plan is entitled to the effect of *res judicata*) (citing *Southmark Props. v. Charles House Corp.*, 742 F.2d 862, 869 (5th Cir. 1984)).

17. A determination of whether the same causes of action are involved turns on whether the claims are based on the "same nucleus of operative facts." *Eubanks*, 977 F.2d at 171. The other critical component of the inquiry is whether the claim was or should have been considered in the prior proceeding. If a claim has been considered or should have been considered in a prior adjudication, it is barred from being relitigated based on the doctrine of *res judicata*. *Id.* at 173; *see also Vines v. Univ. of La. at Monroe*, 398 F.3d 700, 709 (5th Cir. 2005) ("Federal law of res judicata bars all claims that were

or could have been advanced in support of the causes of action on the occasion of its former adjudication, not merely those that were adjudicated."). Courts have held that a party's specific reservation of a right to assert a claim postconfirmation can prevent the application of *res judicata*. *See In re Tex. Wyo. Drilling, Inc.*, 647 F.3d at 553 (finding *res judicata* did not apply where a confirmation order in a bankruptcy proceeding reflected the intent to pursue a claim postconfirmation thereby obviating the *res judicata* effect of confirmation). Nevertheless, when a debtor fails to specifically preserve the claims that it seeks to pursue postconfirmation in the prior proceeding, *res judicata* precludes a party from later bringing those claims. *See Eubanks*, 977 F.2d at 173-75 (holding that the bankruptcy court's order confirming a bankruptcy plan barred claims that were not disclosed or reserved prior to confirmation based on the doctrine of *res judicata*); *see also In re Paige*, 610 F.3d 865, 875-76 (5th Cir. 2010) (holding that a trustee's claim was barred by res judicata and stating that the trustee "could have asked the bankruptcy court to reserve his fraud claims for later adjudication," which would have avoided his claims being barred).

18. Well before confirmation of the Plan, AGE knew of the Potential Causes of Action as well as the facts that gave rise to them, yet it failed to disclose or retain an interest in the Potential Causes of Action. Neither the Plan nor Disclosure Statement expresses an intent by AGE to preserve or pursue the Potential Causes of Action. Accordingly, the proposed assignment of the Potential Causes of Action is barred by the *res judicata* effect of the confirmed Plan and should not be approved.

C.   **The Doctrine of Judicial Estoppel Precludes the Assignment.**

985805.1/SPSA/52984/0102/031312

19. Judicial estoppel prohibits AGE's assignment of the Potential Causes of Action as they were not disclosed in AGE's schedules or retained under the Plan. *See Jethroe v. Omnova Solutions, Inc.*, 412 F.3d 598, 600 (5th Cir. 2005) ("Judicial estoppel is particularly appropriate where . . . a party fails to disclose an asset to a bankruptcy court, but then pursues a claim in a separate tribunal based on that undisclosed asset."). The purpose of the doctrine is "to protect the integrity of the judicial process," by "prevent[ing] parties from playing fast and loose with the courts to suit the exigencies of self interest." *In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999)(citing to *Johnson v. Oregon Dept. of Human Resources*, 141 F.3d 1361, 1364 (9th Cir.1998).

20. For judicial estoppel to apply, the Fifth Circuit requires the following three elements: (1) inconsistent positions by the party against whom judicial estoppel is sought; (2) the court accepted the prior position; and (3) the non-disclosure must not have been inadvertent. *See Reed v. City of Arlington*, 650 F.3d 571, 574 (5th Cir. 2011); *Kane v. Nat'l Union Fire Ins. Co.*, 535 F. 3d 380, 385-86 (5th Cir. 2008) (per curiam)(citing *Superior Crewboats, Inc. v. Primary P&I Underwriters (In re Superior Crewboats, Inc.)*, 374 F.3d 330, 335 (5th Cir. 2004)); *see also In re Coastal Plains, Inc.*, 179 F.3d 197, 208 (5th Cir. 1999). All three elements are present here.

21. AGE has taken inconsistent positions. AGE chose not to disclose the Potential Causes of Action as assets prior to the entry of the Confirmation Order and failed to retain any rights in the Potential Causes of Action in the Plan, and thus represented that it had no interest in them. Now, postconfirmation, AGE is taking the position that it does have an interest in the Potential Causes of Action by attempting to assign them to PEMEX.

985805.1/SPSA/52984/0102/031312

22. The Court accepted AGE's prior position by entering the Confirmation Order, based in part upon its assessment of AGE's schedules, disclosure statements and Plan all of which failed to list or retain any interest in the Potential Causes of Action.

23. AGE's non-disclosure was not inadvertent because AGE knew about Potential Causes of Action no later than May 5, 2011, when PEMEX sought to file a late proof of claim. Between May 5, 2011, and the entry of the Confirmation Order on December 15, 2011, AGE was obligated to amend its disclosures to include the Potential Causes of Action but chose not to do so. *See In re Superior Crewboats, Inc.*, 374 F.3d at 335 ("[T]he debtor's failure to satisfy its statutory disclosure duty is 'inadvertent' only when, in general, the debtor either lacks knowledge of the undisclosed claims *or* has no motive for their concealment.") (citing *In re Coastal Plains, Inc.*, 179 F. 3d at 210) (emphasis in original)). Because all three elements are met, judicial estoppel applies and the Court should not approve the PEMEX Settlement Agreement.

WHEREFORE, PREMISES CONSIDERED, Big Star respectfully requests that this Court deny the relief requested in the PEMEX Settlement Motion and grant Big Star such other and further relief to which it is justly entitled.

Respectfully submitted this the 13th day of March, 2012.

STRASBURGER PRICE
OPPENHEIMER BLEND
711 Navarro, Sixth Floor
San Antonio, TX 78205
Telephone: (210) 224-2000
Facsimile: (210) 224-7540

By: __/ s / Robert K. Sugg__
Raymond W. Battaglia
State Bar No. 01918055
Robert K. "Chip" Sugg
State Bar No. 24058296
ATTORNEYS FOR BIG STAR

## CERTIFICATE OF SERVICE

    I hereby certify that I have served a true and correct copy of the above and foregoing document on March 13, 2012, via the CM/ECF system, electronic mail, and/or First Class Mail, postage prepaid, on the parties listed on the attached Limed Service List and on the following parties:

David S. Gragg
Langley & Banack, Incorporated
Suite 900, Trinity Plaza II
745 East Mulberry
San Antonio, TX 78212-3166
dgragg@langleybanack.com

Mark Maney
Maney Associates P.c.
1000 Louisiana, 28th Floor
Houston, TX 77002
mmaney@maneylaw.com


                                              */s/ Robert K. Sugg*
                                              Robert K. Sugg

985805 1/SPSA/52984/0102/031312