**IN THE UNITED STATES BANKRUPTCY COURT**
**FOR THE WESTERN DISTRICT OF TEXAS**
**SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| In re: | § | Chapter 11 |
| | § | |
| AGE REFINING, INC., | § | Case No. 10-50501 |
| | § | |
| Debtor. | § | |

**RESPONSE OF ST. JAMES OPERATING CO. TO THE LIQUIDATING TRUSTEE'S OBJECTION TO IT'S CLAIM**

COMES NOW St. James Operating Co. ("St. James"), a creditor in the above-styled and numbered proceedings, and files this its Response (the "Response") to the *Liquidating Trustee's Objection to Claim of St. James Operating Co.* (the "Objection"), and in support thereof would respectfully show the Court as follows:

**BACKGROUND**

A. **Debtor's Bankruptcy Case**

1. In response to the allegations contained in Paragraph 1 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

2. In response to the allegations contained in Paragraph 2 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

3. In response to the allegations contained in Paragraph 3 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

4. In response to the allegations contained in Paragraph 4 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

5. St. James admits the allegations contained in Paragraph 5 of the Objection.

6. In response to the allegations contained in Paragraph 6 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

7. St. James admits the allegations contained in Paragraph 7 of the Objection.

8. St. James admits the allegations contained in Paragraph 8 of the Objection.

9. In response to the allegations contained in Paragraph 9 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

10. In response to the allegations contained in Paragraph 10 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

11. In response to the allegations contained in Paragraph 11 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

12. St. James admits the allegations contained in Paragraph 12 of the Objection.

13. In response to the allegations contained in Paragraph 13 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

14. St. James admits the allegations contained in Paragraph 14 of the Objection. St. James entered into a partial assignment agreement with TRC Master Fund, LLC, whereby St. James assigned its interest in the allowed 503(b)(9) priority portion of its claim. *See* Docket No. 1273 and 1274.

15. In response to the allegations contained in Paragraph 15 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

**B.    PEP's Claim**

16. St. James admits the allegations contained in the first sentence of Paragraph 16 of the Objection. In response to the remaining allegations contained in Paragraph 16 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

17. In response to the allegations contained in Paragraph 1 [sic] of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

18. St. James admits the allegations contained in the Paragraph 17 of the Objection. The Court's order speaks for itself.

19. In response to the allegations contained in Paragraph 18 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

20. In response to the allegations contained in Paragraph 19 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

21. In response to the allegations contained in Paragraph 20 of the Objection, St. James is without sufficient information or belief to admit or deny the allegations, and therefore denies same.

22. St. James admits the allegations contained in the Paragraph 21 of the Objection.

23. St. James admits the allegations contained in the Paragraph 22 of the Objection.

24. St. James admits the allegations contained in the Paragraph 23 of the Objection.

25. St. James admits the allegations contained in the first sentence of Paragraph 24 of the Objection. The Court has since approved the PEP Settlement Motion. The second sentence of Paragraph 24 of the Objection appears to be a statement related to the Debtor's objection to PEP's claim to which no response is necessary. To the extent that a response is required, St. James denies that the Debtor is in any event entitled to the relief requested against St. James therein.

## VENUE AND JURISDICTION

26. St. James admits the allegations contained in the Paragraph 25 of the Objection.

27. St. James admits the allegations contained in the Paragraph 26 of the Objection.

## ARGUMENT AND AUTHORITY

28. St. James denies the allegations contained in first sentence of paragraph 27 of the Objection. The second sentence of paragraph 27 of the Objection states a legal conclusion or statement of the case to which no response is necessary. To the extent that a response is required, St. James denies the allegations contained in the second sentence of paragraph 27 of the Objection. The Debtor scheduled St. James' claim in the liquidated amount of $1,218,652.83 and did not identify St. James claim as contingent or disputed. The Liquidating Trustee then paid

4

$490,435.38 on account of the allowed priority 503(b)(9) portion of the claim, leaving $728,217.45 of the scheduled unsecured claim unpaid and outstanding.

29. Paragraph 28 of the Objection states a legal conclusion or statement of the case to which no response is necessary. To the extent that a response is required, St. James denies the allegations contained in paragraph 28 of the Objection.

30. Paragraph 29 of the Objection states a legal conclusion or statement of the case to which no response is necessary. To the extent that a response is required, St. James denies the allegations contained in paragraph 29 of the Objection.

31. St. James states that Paragraph 30 of the Objection is a description of the relief the Liquidating Trustee is requesting in the Objection. Therefore, no response is required. To the extent a response is required, St. James denies all of the allegations contained in Paragraph 30 of the Objection and denies that the Liquidating Trustee is entitled to the relief requested therein.

## **AFFIRMATIVE DEFENSES**

32. "The schedule of liabilities filed pursuant to § 521 (1) of the Code shall constitute prima facie evidence of the validity and the amount of the claims of creditors. . ." Fed.R.Bankr.P. 3003(b)(1). The Debtor scheduled the St. James claim in the amount of $1,218,652.83. After confirmation, the Liquidating Trustee paid $490,435.38 on account of St. James allowed priority 503(b)(9) claim, which leaves $728,217.45 of the original scheduled claim amount unpaid and outstanding (the "Outstanding Claim Amounts"). *See* Debtor's Notice of Disputed and Undisputed Twenty Day Claims [Docket No. 341](listing St. James' 503(b)(9) claim as an allowed priority claim.). Moreover, the Outstanding Claim Amounts have already been allowed as the Debtor's confirmed plan defines "Allowed" as a claim that is not listed in the Debtor's schedules as disputed. *See* Docket No. 1459, page 6. The scheduled claim of St. James is not

listed as disputed and as such is an allowed claim. The Liquidating Trustee is attempting to object to an allowed claim, which the Debtor scheduled, and that has already been partially paid.

34. The factual contentions set forth in the Liquidating Trustee's Objection are not supported by the evidence, including the Debtor's sworn Schedules and are not warranted by existing law or by a non-frivolous argument for extending existing law.

35. The Liquidating Trustee's Objection is barred, in whole or in part, by estoppel, collateral estoppel and res judicata.

36. The Liquidating Trustee's Objection is barred, in whole or in part, by the doctrine of laches.

37. The Liquidating Trustee's Objection is barred, in whole or in part, by the doctrine of waiver.

38. All allegations of the Objection not specifically admitted or responded to are denied.

39. St. James reserves the right to amend and/or supplement its defenses as allowed by law.

Respectfully submitted this the 19th day of April, 2012.

    STRASBURGER PRICE
    OPPENHEIMER BLEND
    711 Navarro, Sixth Floor
    San Antonio, TX  78205
    Telephone:  (210) 224-2000
    Facsimile:  (210) 224-7540

    By: **/ s / Robert K. Sugg**
    Raymond W. Battaglia
    State Bar No. 01918055
    Robert K. "Chip" Sugg
    State Bar No. 24058296

    ATTORNEYS FOR BIG STAR

## CERTIFICATE OF SERVICE

  I hereby certify that I have served a true and correct copy of the above and foregoing document on April 19, 2012, via the CM/ECF system, electronic mail, and/or First Class Mail, postage prepaid, on the parties listed on the attached Service List.

            */s/ Robert K. Sugg*  
            Robert K. Sugg