

**SIGNED this 10th day of August, 2012.**

_____
**LEIF M. CLARK**
**UNITED STATES BANKRUPTCY JUDGE**

_____

# United States Bankruptcy Court

### Western District of Texas
### San Antonio Division

|  |  |
|---|---|
| In re | Bankr. Case No. |
| AGE Refining, Inc. | 10-50501 |
| *Debtor* | Chapter 11 |

## Memorandum Decision on Motion of United States Trustee to Reconsider Order Approving Fifth and Final Fee Application of Eric J. Moeller, Chapter 11 Trustee

Came on for consideration the foregoing matter. The court entered an order approving the trustee's fifth and final fee application. The UST noted that it had filed an objection to that fee application, and said objection was not considered by the court. The court invited the UST to file a motion for reconsideration, to give the court the chance to review the objection.

The gravamen of the objection is that the trustee's services should have ceased as of January 20, 2012, the Effective Date of the Reorganization Plan in this case. However, the trustee was not formally discharged until April 11, 2012. In the intervening

period, the trustee continued to perform services for the estate, as documented in the fee application. The trustee maintains that he is entitled to compensation at his reduced rate of $15,000 a month until the date of his discharge.

There is merit to the UST's contention, as the confirmed plan effectively vested the estate's assets into a trust, over which a liquidating trustee presided. Virtually nothing was left for the trustee to do. The trustee filed a report of post-confirmation operations on February 2, 2012. In the motion for discharge, the trustee stated that "there is no reason for the estate to continue to employ the trustee." Motion, at ¶11. That same day, the liquidating trustee filed his bond, permitting him to assume his duties under the plan. On February 28, 2012, the trustee filed a motion to be discharged as trustee [Doc # 1558]. The motion was set for hearing on March 21, 2012. The motion was granted at that hearing. An order was submitted by counsel for the trustee sometime thereafter, and the court signed that order on April 11, 2012.  The motion sought discharge for both the trustee and the trustee's bond issuer.

The trustee contends that he performed a valuable service in that he was the "client" for purposes of the appeal, as well as a helpful transition person for the Liquidating Trustee. He notes that the Liquidating Trustee would not have had the "institutional memory" to assist counsel in the prosecution of the appeal. This argument carries little weight. The law firm representing the trustee had intimate familiarity with the details surrounding the confirmation hearing and the subsequent appeal. The "client" could as easily have been the liquidating trustee, for purposes of defending the plan. Certainly the liquidating trustee is currently serving in that capacity as the trustee has been discharged, but the appeal is still pending at the Fifth Circuit.

True, the trustee was "on the hook" for any potential liability that might be asserted against him for the period until the order was signed. But by the same token, all of the cash assets (and all of the responsibilities for continued "estate" administration) had already passed to the liquidating trustee. And the trustee continued to be protected by his bond until the entry of the order discharging him. However, the trustee had essentially no real duties to perform in the few months following the motion for discharge.

The trustee points out that his compensation was an "agreed" flat fee arrangement, pointing to this court's memorandum decision on his motion for fee enhancement. The court stands by the observation made there, but declines to convert an observation into a legally binding contract. The trustee always knew that, regardless the fee payment arrangement, he was still obligated to apply to the court for approval of his fees. They were not "pre-approved" fees under section 328, nor could they have been, as that section applies only to professionals retained by the estate or a committee.

The trustee's compensation is capped by section 326, but governed by section 330. The Third Circuit helpfully laid out the proper analysis for courts to follow in awarding trustee compensation:

> In determining compensation for trustees, a court begins by applying the criteria set forth in § 330(a). The statute provides in pertinent part that a court may, award a trustee "reasonable compensation for actual, necessary services rendered . . . based on the nature, the extent, and the value of such services, the time spent on such services, and the cost of comparable services other than in a case under this title." 11 U.S.C. § 330 (a)(1). Only after "reasonable fees are determined according to the . . . criteria[] [of § 330(a)] [are] a trustee's fees . . . cut down, if required, to the statutory maximum stated in Section 326(a)." We agree with the Bankruptcy Appellate Panel for the Ninth Circuit that "the provisions of

> Sections 330(a) and 326(a) are independent of one another. Trustee fees should be set according to the Section 330 criteria, not merely according to the amount of moneys disbursed." As another court explained, if trustees' fees were to be computed according to § 326(a), "there would have been little need for Congress to have provided separate standards in 11 U.S.C. § 330(a) for calculating the amount of such stipends." The legislative history accompanying § 326(a) . . . indicates that while Congress intended § 330 to prescribe the standard pursuant to which trustee compensation is awarded, § 326(a) merely caps the fees awarded pursuant to § 330. Congress' description of the separate functions of the statutes demonstrates that a fee determination must involve independent consideration of each statute.

*Stalano v. Cain (In re Lan Associates XI, L.P.,* 192 F.3d 109, 121-22 (3rd Cir. 1999) (internal citations omitted). In other words, the trustee is compensated for services performed, not for time spent in the position. The trustee wisely understood this when he voluntarily agreed to reduce his monthly compensation from $55,000 to $15,000. Once virtually all duties had been handed off to a successor, and all that remained was awaiting the entry of an order of discharge, the trustee could no longer claim compensation for services rendered, because there were none to speak of.

That said, the court has reviewed the fee application and noted that there are some general references to services performed, some of which no doubt occurred after the effective date. The lack of detail makes it difficult to locate precisely when these services were rendered. The court is inclined to give the trustee the benefit of the doubt here, and assume that the representation in the motion for discharge is accurate. That means that, as of the filing of that motion (February 28, 2012), there was nothing *further* for the trustee to do. The court has awarded fees at a voluntarily reduced rate for some time and does not believe that continuing to award fees at that rate is all that unreasonable (though of course the counterargument could surely be made). Thus, the court will reduce the fee request by an amount, prorated at the rate of $15,000 a month,

such that compensation is allowed through and including the end of February (granted its a leap year, but let's not strain at gnats here). Counsel for the trustee is requested to prepare a form of order that incorporates this calculation, and awards the fees accordingly.

### # # #