

**SIGNED this 29th day of January, 2014.**

_____
**CRAIG A. GARGOTTA
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
SAN ANTONIO

| | | |
|---|---|---|
| IN RE: | § | CASE NO. 10-50501-CAG |
| | § | |
| Age Refining, Inc. | § | CHAPTER 11 |
|     Debtor. | § | |

**MEMORANDUM OPINION AND ORDER DENYING THE UNSECURED
CREDITOR'S COMMITTEE'S "FIRST POST-CONFIRMATION APPLICATION FOR
COMPENSATION OF FEES AND EXPENSES OF MARTIN & DROUGHT, P.C., AS
COUNSEL FOR THE UNSECURED CREDITORS COMMITTEE AND TO ALLOW
THE APPROVED FEES AS AN ADMINISTRATIVE EXPENSE
UNDER 11 U.S.C. § 503(b)(2)"**

Came on to be considered the above styled case and, in particular, the First Post-Confirmation Application for Compensation of Fees and Expenses of Martin & Drought, P.C., as Counsel for the Unsecured Creditors Committee and to Allow the Approved Fees as an Administrative Expense Under 11 U.S.C. § 305(b)(2) (the "Fee Application") (ECF No. 1880). The Court took this matter under advisement after a hearing held on October 9, 2013.

This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and venue is proper under 28 U.S.C. §§ 1408 and 1409. This is a core proceeding under 28 U.S.C. §

157(b)(2)(A) and (O).[1] This matter has been referred to the Bankruptcy Court under the District Court's Standing Order of Reference.

## FACTUAL AND PROCEDURAL BACKGROUND

Debtor, Age Refining Incorporated, filed its petition for Chapter 11 bankruptcy on February 8, 2010. The Court appointed an Unsecured Creditors' Committee (the "Committee") pursuant to 11 U.S.C. § 1102. The Court also approved applications for compensation (ECF Nos. 572, 1551, 1606) for work the Committee's counsel performed prior to confirmation of the Debtors' Chapter 11 Plan. On June, 16, 2010, the Court issued an Agreed Order Granting Motion to Appoint a Chapter 11 Trustee (ECF No. 350), which the Committee signed.

On November 2, 2011, this Court approved the Joint Motion of Chapter 11 Trustee and Chase Capital Corporation Under Fed.R.Bankr.P. 9019(A) to Approve Compromise and Settlement for Determination of Oversecured Status of Creditor, Allowance and Payment of Interest on Amount of Claim (the "Settlement Order") (ECF Nos. 1251 and 1362). The Settlement Order involved the claim of Chase Capital Corporation ("Chase"). On December 15, 2011, this Court entered an Order Confirming the Fourth Amended Chapter 11 Plan of Reorganization of Age Refining Inc. (the "Plan" and the "Confirmation Order") (ECF Nos. 1459 and 1460) over the Committee's objection. The Plan's Effective Date was January 20, 2012.[2]

The Plan provided for the creation of a Liquidating Trust, to be administered by a Liquidating Trustee. The Plan and Confirmation Order set deadlines for professional fee claims and administrative claims. The Committee appealed the Settlement Order and the Confirmation Order to the United States District Court for the Western District of Texas (see ECF Nos. 1393

---

[1] "The determination of an administrative expense to be paid by a bankruptcy estate constitutes a core matter over which this court has jurisdiction to enter a final order." *In re Datavan*, 303 B.R. 119, 122 (Bankr. N.D. Tex. 2003) (citing 28 U.S.C. §§ 157(b)(2)(A), (B), (O) and 1334).
[2] *See* Notice and Occurrence of Effective Date January 20, 2012 (ECF No. 1512).

2

and 1491). In these appeals, the Committee did not specifically contest the Plan and Confirmation Order provisions setting deadlines for filing claims for professional fees and administrative expenses. The District Court dismissed the appeals as equitably moot, but the Fifth Circuit reversed the District Court's dismissal and remanded the appeals back to the District Court.

The Committee filed its Fee Application (ECF No. 1880) on August 9, 2013, while their appeals were pending before the District Court on remand. The Fee Application seeks $108,115.24 of compensation for post-confirmation fees and expenses incurred between January 21, 2012, and July 31, 2013. On August 30, 2013, the Liquidating Trustee filed an Objection (ECF No. 1884) to the Fee Application. Chase filed a Joinder to the [Liquidating] Trustee's Objection (ECF No. 1886) on the same day. The Court held a hearing on the Fee Application on October 9, 2013. After a failed attempt to mediate, the Committee filed its Post-Hearing Brief (ECF No. 1897) on October 17, 2013. Chase filed a Response to the Post-hearing Brief (ECF No. 1898) on October 18, 2013. The District Court affirmed this Court's Confirmation Order and Settlement Order (ECF Nos. 1901 and 1902) on January 3, 2014.

### PARTIES' CONTENTIONS

The Committee asserts (1) that it is entitled to compensation for its counsel's fees and expenses pursuant to the terms of the Plan and Confirmation Order and (2) that its attorney's fees are mandatory administrative expenses that this Court must award if they meet the standards of § 503(b).[3] The Liquidating Trustee and Chase argue that this Court cannot approve the Committee's counsel's fees because (1) the explicit terms of the Plan and the Confirmation Order set a professional and administrative fees bar date that has long since passed, (2) § 503(b) does not require this court to allow professional fees that have not yet been granted under §

---

[3] Unless otherwise noted, all statutory references refer to Title 11 of the United States Code.

330(a)(1), and (3) the Fee Application is deficient. Chase further contends that this Court cannot change the terms of the Plan because it has been substantially consummated and that this Court lacked jurisdiction over the Fee Application at the time of hearing because the Plan was on appeal.

**LEGAL ANALYSIS**

This Court finds that (1) it has jurisdiction to hear the Fee Application, (2) the terms of the Plan and Confirmation Order bar the Fee Application, and (3) § 503 does not require the Court to grant the Fee Application. This Court will not approve the Fee Application because the express terms of the Plan and Confirmation Order forbid it. The Court, therefore, need not reach the issue of whether the Fee Application is deficient.

I. **This Court Has Jurisdiction to Grant or Deny the Fee Application.**

This Court has jurisdiction to rule on the Fee Application. Fee applications and administrative expenses are generally core matters within a bankruptcy court's jurisdiction pursuant to 28 U.S.C. §§ 157(b)(2)(A), (B), (O) and 1334. *Datavan*, 303 B.R. at 122. The terms of the Plan, the terms of the Confirmation Order, and bankruptcy law provide for jurisdiction. While the Committee's appeals divested this Court of its jurisdiction over the subject matter of the appeals, it did not divest it of jurisdiction over enforcement of the Plan or professional and administrative claims.

A. The Bankruptcy Court's Ruling Does not Alter the Plan.

Chase suggests that the Committee is making a collateral attack on Plan and contends that this Court cannot change the Plan's terms regarding professional and administrative expenses because (1) the Plan was on appeal, (2) the Plan is substantially consummated, and (3) the

4

Committee waived its right to contest the Plan's payment provisions by failing to include them in its appeal. Chase is correct that this Court could not re-write the Plan while it was on appeal. The Confirmation Order was binding on all parties, even during of the appeal. *See* ***Comer v. Murphy Oil USA, Inc.***, 718 F.3d 460, 467 (5th Cir. 2013) (discussing the preclusive effect of final judgments during the pendency of appeals). This Court is not changing the terms of the Plan, nor does the Committee seek to alter the Plan. This Court is simply deciding whether the terms of the Plan and the Confirmation Order bar the Committee from recovering professional and administrative expenses and whether these provisions conflict with the Bankruptcy Code. The Court need not determine whether the Committee waived its right to contest the payment provisions in the Plan because the Committee has not asked this Court to rewrite these provisions.

B. The Plan and Confirmation Order Provide for Post-Confirmation Jurisdiction Over the Fee Application.

Both the Plan and the Confirmation Order provide for this Court's jurisdiction over fee applications even after confirmation. The Confirmation Order notes that "this Court retains jurisdiction pursuant to Article IX of the Plan." Confirmation Order, p. 32 ¶ 37. Article IX of the Plan provides that "notwithstanding entry of the Confirmation Order and occurrence of the Effective Date, and except as otherwise ordered by the Bankruptcy Court, the Bankruptcy Court shall retain exclusive jurisdiction over all matters arising out of, and related to, the Chapter 11 Case and the Plan to the fullest extent permitted by law…" Plan, p. 36 ¶ 9.1. The Plan provides a non-exclusive list of matters that arise out of or are related to the Chapter 11 case or the Plan. The Fee Application falls under several of the matters on this list: disputes regarding the interpretation, implementation, enforcement, or consummation of the Plan, requests for payment of Administrative Claims, requests for payment of Professional Fees Claims, and requests for

payment of Substantial Contribution Claims. Plan, p. 36-37 ¶ 9.1. The Plan and Confirmation Order clearly contemplate this Court's continued jurisdiction over administrative and professional fee claims.

    C. The Appeal of the Confirmation Order did not Divest this Court of Jurisdiction Over the Fee Application.

At no point did this Court lose jurisdiction over the Fee Application. Although this Court lacked authority to alter or amend the Plan while the Confirmation Order was on appeal, neither confirmation nor the appeals destroyed the Court's authority to interpret and enforce the Plan. *See* ***United States Brass Corp., et al. v. Travelers Ins. Grp., Inc., et al. (In re United States Brass Corp.)***, 301 F.3d 296, 304-06 (5th Cir. 2002) (post-confirmation matters regarding the implementation, execution, or consummation of the plan are core proceedings within a bankruptcy court's jurisdiction). When a matter is appealed from a bankruptcy court, the bankruptcy court loses jurisdiction over the subject matter of the appeal but "retains jurisdiction to address elements of the bankruptcy proceeding that are not the subject of that appeal." ***In re Transtexas Gas Corp.***, 303 F.3d 571, 581 fn. 12 (5th Cir. 2002). In *SCOPAC*, the Fifth Circuit held that a bankruptcy court "may even continue to address matters indirectly implicated in the appeal," if doing so does not undermine the appeal process. ***Scotia Development, LLC, et. al. v. Scotia Pacific LLC and Pacific Lumber Co., (In re SCOPAC)***, 624 F.3d 274, 280 (5th Cir. 2010). Although the Committee did appeal the Confirmation Order, the appeal was not even tangentially related to the provisions of the Plan and Confirmation Order regarding compensation and administrative claims under §§ 330 and 503. This Court never lost jurisdiction over the Fee Application because (1) the subject matter of the Fee Application is different from the subject matter of the appeals and (2) the Court's ruling on the Fee Application would not have interfered with the District Court's review.

6

**II.     The Terms of the Plan and the Confirmation Order Bar Recovery.**

The Plan, read in conjunction with the Confirmation Order, bars the Committee's Fee Application. The terms of a confirmed plan are binding on the creditors. 11 U.S.C. § 1141(a). Although the Plan provides for the continued existence of the Committee to appeal the Confirmation Order, the Confirmation Order sets the bar date for Administrative Claims at August 1, 2011. Because the Fee Application is an Administrative Claim, this Court cannot approve it without directly flouting the terms of the Plan and the Confirmation order.

As defined by the Plan, the Fee Application is an Administrative Claim, but not a Professional Fee Claim or a Substantial Contribution Claim. Per the Plans' rules of construction:

> "'Administrative Claim' means a Claim for payment of an administrative expense of a kind specified in sections 503(b) or 1114(e)(2) of the Bankruptcy Code and entitled to priority pursuant to section 507(a)(2) of the Bankruptcy Code, including, but not limited to. . .(ii) Professional Fee Claims, (iii) Substantial Contribution Claims. . . ." Plan, p. 6 ¶ 1.2.
>
> "'Professional' means any professional employed by the Debtor or the Trustee in the Chapter 11 Case by order of the Bankruptcy Court, excluding any of the Debtor's or Trustee's ordinary course professionals.
> 'Professional Fee Claim' means a Claim of a Professional for compensation or reimbursement of costs and expenses relating to services rendered after the Petition and prior to and including the Effective Date." Plan, p. 15 ¶ 1.2.

The Committee's counsel is not a "Professional" because it is employed by the Committee rather than the Debtor or the Trustee. The Fee Application is, consequently, not a "Professional Fee Claim" within the meaning of the Plan because it does not involve a "Professional" within the meaning of the Plan. It is also not a "Professional Fee Claim" because it was incurred after the Effective Date of January 20, 2012.

Per the Plan, "'Substantial Contribution Claim' means a claim for compensation or reimbursement of costs and expenses relating to services rendered in making a substantial

7

contribution in the Chapter 11 Case pursuant to sections 503(b)(3), (4) or (5) of the Bankruptcy Code." Plan, p. 19 ¶ 1.2. The Committee's claim is not a Substantial Contribution claim because the Committee filed under § 503(b)(2) rather than § 503(b)(3), (4) or (5).

The Plan sets a bar date for Professional Fee Claims and Substantial Contribution Claims – sixty days after the Effective Date. Plan, p. 46 ¶ 14.1. The Plan does not contain a specific deadline for other Administrative Claims. However, the Confirmation Order bars requests for Administrative Claims filed after August 1, 2011, other than Professional Fee Claims. Paragraph 20 of the Confirmation Order provides that:

> "By prior Order, the Court established August 1, 2011 as the bar date for Administrative Claims (other than Professional Fee Claims). By prior order, the Court established August 29, 2011 as the bar date for Professional Fee Claims for Professionals no longer providing services to the Estate. Unless previously filed or paid. . .requests for payment of Administrative Claims (other than Professional Fee Claims for professionals who continue to render services to the Estate) are barred. All final requests for Professional Fee Claims for professionals who continue to render services to the Estate must be filed with the Court no longer than sixty (60) days after the Effective Date." Confirmation Order, p. 26 ¶ 20.

Both the Plan and the Confirmation Order specifically allow the Committee to continue past the Effective Date for the purpose of pursuing Professional Fee Claims, Substantial Contribution Claims, and appeals of the Confirmation Order, but the Confirmation Order specifically bars the Committee from bringing administrative claims after August of 2011. This includes § 503 claims for administrative expenses related to appeals of the Confirmation Order. This Court will not grant the Fee Application because doing so would undermine the terms of the Plan and Confirmation Order.

    III.    **Although Post-Confirmation Fees are Allowable Under Some Circumstances, They are Not Allowable After the Claims-Bar Date of a Confirmed Plan.**

The Committee cites to numerous cases holding that bankruptcy courts may allow claims

8

for post-confirmation attorney's fees for work benefitting the estate or effectuating the plan. None of these cases are analogous to the situation at hand because none of them involve a plan that forbids post-confirmation fees. *In re Sultan Corp.*, 81 B.R. 599 (B.A.P. 9th Cir. 1987); *In re Canton Jubilee, Inc.*, 253 B.R. 770 (Bankr. E.D. Tex. 2000); *In re East Hill Mfg. Corp.*, No. 97-11884, 2001 WL 34808428 (Bankr. D. Vt. 2001 Jan. 25, 2001); *In re Tri-L Corp.*, 65 B.R. 774 (Bankr. D. Utah 1996); *In re Berg & Assoc., Inc.*, 138 B.R. 782 (Bankr. E.D. Pa. 1992); *In re Hays Builders, Inc.,* 99 B.R. 848 (Bankr. W.D. Tenn. 1989). This Court knows of no case granting fees where the terms of the plan explicitly bar such fees. In *Sultan*, the bankruptcy judge found that the plan contemplated post-confirmation attorney's fees. This finding supported the bankruptcy judge's decision to award post-confirmation fees and the Bankruptcy Appellate Panel's affirmation of that decision. 81 B.R. at 602 (B.A.P. 9th Cir. 1987). In granting a post-confirmation application for administrative expenses, the *Canton* court considered the lack of any explicit deadline for administrative claims and the fact that no party objected to this lack of a deadline. 253 B.R. at 775-76. As in *Sultan* and *Canton*, the terms of the Plan guide this Court in determining whether to allow a post-confirmation administrative claim. The express claims bar dates in the Plan and Confirmation Order indicate that the Plan does not contemplate such fees, so neither will this Court.

  **IV.**  **The Bankruptcy Code Does not Require this Court to Contravene the Terms of the Debtor's Plan.**

  The Bankruptcy Code does not require this Court to grant the Fee Application. The Committee claims that this Court must allow its administrative claim under § 503(b)(2) for compensation and expenses awarded under § 330. The Committee does not specifically seek allowance under any provision of § 503 other than § 503(b)(2), nor would any other provision of

9

§ 503 apply.[4]  Although § 503(b)(2) requires courts to grant administrative priority to any compensation awarded under § 330, it does not require courts to make an award under § 330.

The text of 11 U.S.C. § 503(b) states that "there shall be allowed administrative expenses . . .including compensation and reimbursement awarded under section 330(a)." 11 U.S.C. § 503(b)(2). As the Committee argues, the word "shall" is a mandate. **Hall Financial Grp. Inc. v. D.P. Partners, Ltd. P'ship (In re DP Partners, Ltd. P'ship)**, 106 F.3d 667, 670-71 (5th Cir. 1997). If the application is timely, or its tardiness is excused for cause, courts must allow administrative expenses for compensation and reimbursement awarded under § 330(a).

This Court has not yet awarded compensation and reimbursement for the Committee's counsel's post-confirmation fees under § 330(a), nor does the Code require it to do so. Unlike in § 503(b), there is no mandatory language in § 330(a). Section 330(a) states "the court may award" reasonable compensation and expenses of "a professional person employed under 327 or 1103," - it does not state that the court *must* award the fee. 11 U.S.C. § 330(a)(1); **In re Brown**, 371 B.R. 486, 498-99 (Bankr. N.D. Okla. 2007) ("the plain language of § 330 means that 'the court *may,* not must, award reasonable compensation,' and that no fees are due an attorney for services related to a bankruptcy unless and until those fees are awarded under § 330.") (quoting

---

[4] Although there are provisions in § 503 that confer mandatory administrative status on professional fees other than § 503(b)(2), the Fee Application does not fall under any of these provisions. Section § 503(b)(4) allows for the reasonable compensation of attorney's fees of an entity with allowable expenses under § 503(b)(3)(A),(B),(C),(D) and (E). When read in conjunction with § 503(b)(4), § 503(b)(3) requires courts to allow certain attorney's fees incurred by creditors, indenture trustees, equity security holders, unofficial committees, and custodians. 11 U.S.C. § 503(b)(3),(4). The committee does not fall into any of these groups. Section 503(b)(3)(F) allows certain expenses for individual members of an official committee appointed under § 1102. The Committee's counsel's expenses are not allowable under § 503(b)(3)(F), however, because the Fee Application belongs to the entire committee rather than to an individual member of the Committee. Section 503(b)(3)(F) is also conspicuously absent in the list of entities whose attorney's fees are allowable pursuant to § 503(b)(4). At the hearing on the Fee Application, the Committee suggested that the proper rubric for its Fee Application may be § 503(b)(3)(D)'s "substantial contribution" standard rather than the "identifiable, tangible, and material benefit to the estate" standard set forth in *Pro-Snax*. **Pro-Snax Distribs. Inc. v. Family Snacks Ins. (In re Pro-Snax)**, 157 F.3d 414, 425 (5th Cir. 1998). Section 503(b)(3)(D) allows expenses of a "committee representing creditors. . .other than a committee appointed under section 1102 of this title, in making a substantial contribution to a case under chapter 9 or 11 of this title." The Fee Application does not fall under § 503(b)(3)(D) and its substantial contribution standard because it belongs to an official committee appointed under § 1102.

10

*In re Gantz*, 209 B.R. 999, 1002 (B.A.P. 10th Cir. 1997)). To the contrary, § 330(a) encourages courts to exercise significant discretion over compensation by allowing courts to reduce the compensation awarded and requiring courts to consider numerous factors in reviewing applications. 11 U.S.C. § 330(a). Fifth Circuit precedent also encourages courts to be discerning and exercise discretion in reviewing applications for attorney's fees. *See Pro-Snax*, 157 F.3d at 425; *In re First Colonial Corp. of Am.*, 544 F.2d 1291 (5th Cir. 1977);[5] *In re WNS, Inc.*, 150 B.R. 663, 664 (Bankr. S.D. Tex. 1993) (courts have a duty to examine the reasonableness of compensation and reimbursement awarded under § 330); *In re Office Prods. of Am., Inc.*, 136 B.R. 983, 988 (Bankr. W.D. Tex. 1992) ("…reasonable fees may be awarded only for those services which are actual, necessary, and/or beneficial to the estate.").

Section 330(a) allows, but does not require, courts to award professional fees. Although § 503(a) requires courts to grant administrative priority to fees that have been awarded under § 330(a), it does not require courts to award fees in the first place. This Court will not award fees after the Plan's express deadline has passed.

## CONCLUSION

The terms of a confirmed plan are binding on all creditors regardless of whether they accepted the plan. 11 U.S.C. § 1141. The terms of the Debtor's Plan and the Confirmation Order set a deadline for administrative claims that passed long before the Committee filed its Fee

---

[5] In *Pro-Snax*, the Fifth Circuit held that fee applicants must show they secured an "identifiable, tangible, and material benefit to the estate" in order to recover compensation and expenses through § 330. 157 F.3d at 425. The Fifth Circuit has also said that "bankruptcy judges have broad discretion in determining the amount of attorneys' fees to award as compensation for services performed in connection with bankruptcy proceedings." *First Colonial*, 544 F.2d 1291, 1298 (5th Cir. 1977). The *First Colonial* court enumerated a twelve factor test for awarding attorney's fees, stressing the court's active role in fee approval and discretion to deny fee applications. *Id.* at 1298-99. The District Court dismissed the Committee's appeal of confirmation due to equitable mootness, and the Committee successfully appealed this dismissal to the Fifth Circuit, obtaining reversal. Reasonable minds could disagree on whether this constitutes an identifiable, tangible, and material benefit to the estate. Reasonable minds could also disagree on whether the Fee Application could pass First Colonial's twelve factor test. This Court need not reach this issue because it is declining to award fees based on the express terms of the Plan and Confirmation Order.

Application. The Bankruptcy Code does not compel this Court to flout the terms of this Plan. This Court, therefore, declines to undermine the Plan and Confirmation Order by awarding attorney's fees and allowing these fees as an administrative claim after the administrative claims bar date has passed.

It is, therefore, ORDERED, that the First Post-Confirmation Application for Compensation of Fees and Expenses of Martin & Drought, P.C., as Counsel for the Unsecured Creditors' Committee and to Allow the Approved Fees as an Administrative Expense Under 11 § U.S.C. 305(b)(2) (ECF No. 1880) is DENIED.

# # #